**A. Glynn ROSS, Plaintiff-Appellee, and Cross-Appellant,**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, Defendant-Appellant, and Cross-Appellee.**

Nos. 74–3148, 75–1419 and 75–1756.

United States Court of Appeals, Ninth Circuit.

Oct. 22, 1976.

Elihu I. Leifer (argued), of Sherman, Dunn, Cohen & Leifer, Washington, D. C., for appellant in No. 74–3148 and appellee in No. 75–1419.

R. Kelly Hocker (argued), Tempe, Ariz., for appellant in No. 75–1756 and appellee in Nos. 75–1419, 75–3148.

Mark I. Harrison (argued), of Harrison, Mayers & Singer, Phoenix, Ariz., for appellant in No. 75–1419 and appellee in No. 75–1756.

Before KOELSCH, DUNIWAY and CHOY, Circuit Judges.

CHOY, Circuit Judge:

This action primarily concerns the scope of 29 U.S.C. § 411(a)(4) of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 401 *et seq.* (LMRDA). The section protects the right of union members to sue their union. The International Brotherhood of Electrical Workers (IBEW), appeals a judgment adverse to its claim of power to discipline a member for bringing suit against it. A. Glynn Ross, the union member, has cross-appealed to obtain damages and additional attorney's fees. The union disputes any award of fees and costs. We affirm as to the main issue and attorney's fees, and reverse and remand the case for further proceedings on the issue of damages.

### Background

Ross was the business manager and financial secretary of IBEW Local No. 640. In 1972 he ran for re-election. He failed to win a majority, necessitating a run-off which he won by a narrow margin. The IBEW regional vice-president, Raymond Duke, ordered a new election and refused to install Ross for a new term (although he remained in office), acting on allegations that Ross engaged in election improprieties.

On July 17, 1972, Ross filed suit in state court to enjoin IBEW interference in the local election and with his installation for a new term. The court dismissed his suit, holding that subject matter jurisdiction was pre-empted by Title IV of the LMRDA. Ross started an internal union appeal on August 4, 1972. Three days later, before he received a union response, Ross filed suit to enjoin the new election and for damages in tort from Duke, among other things. This suit was also dismissed on the ground that Title IV prohibited individual judicial relief. At this point, the final election was held, and Ross won. His victory mooted the election and installation issues. Therefore, the IBEW's International Council refused to pass on Ross' appeal and the appeal to this court was limited to the tort issue, the dismissal of which was reversed. *Ross v. IBEW,* 513 F.2d 840 (9th Cir. 1975).

As a result of his state and federal court suits, Ross was subjected to internal union charges of violating Article XXVII, § 1, subsection (1) of the IBEW Constitution.[1]

---

1. Article XXVII, § 1, subsection (1) of the IBEW Constitution authorizes penalizing a union member for

[r]esorting to the courts for redress of any injustice which he may believe has been done him by the I.B.E.W. or any of its L.U.'s [local

Ross was found guilty and assessed, as an officer, $10,000. $7,000 of this supposedly recompensed the union for its costs of defending against Ross' suits, and $3,000 was suspended providing Ross had no similar violations for three years. The union's International Executive Council affirmed this assessment on appeal.

Ross brought suit in the district court to enjoin the assessment, to declare the IBEW constitutional provision void, and to recover attorney's fees, compensatory damages, and punitive damages. The court granted the protective injunctions, awarded $6,254.87 in attorney's fees and costs, and denied damages. The IBEW appeals the allowance of the injunctions and attorney's fees, and Ross cross-appeals for damages and additional attorney's fees.

### Right to Sue

■ The main issue before us is whether a union may discipline its members for bringing suit against it. The pertinent statutory language is found in § 411(a)(4) of the LMRDA:

> No labor organization shall limit the right of any member thereof to institute an action in any court . . . : *Provided,* That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof . . . .

It has been established that it is a court, not the union itself, which may require the exhaustion of "reasonable hearing procedures" for up to four months as mentioned in the statute. *NLRB v. Industrial Union of Marine & Shipbuilding Workers of America,* 391 U.S. 418, 426, 88 S.Ct. 1717, 20 L.Ed.2d 706 (1968). The statute further provides in § 411(b) that "[a]ny provision of the constitution and bylaws of any labor organization which is inconsistent with the

unions] without first making use, for at least a four-month period, of the process available to him under the I.B.E.W. Constitution in-

provisions of this section shall be of no force or effect." The jurisdiction of this court is established in § 412.

■ The union argues that the shield provided by § 411(a)(4) against union discipline for bringing suits does not apply to actions that concern election disputes for which § 482 of LMRDA provides an exclusive remedy. § 482 requires that union members with certain election-related complaints follow internal union remedies for three months. If this is of no avail, the member can bring his complaint to the Secretary of Labor who will determine whether to file suit. § 483 makes the § 482 procedure for challenging an election exclusive.

We note Ross' argument that the subject matter of his actions does not come within the limits of § 482, but we do not need to decide that issue for we find that the union's contention fails under our decision in *Operating Engineers Local Union No. 3 v. Burroughs,* 417 F.2d 370 (9th Cir. 1969). The facts of that case were remarkably similar to those of the case before us, and we held there that § 411(a)(4) was not limited by the nature of the member's suit. We observed that "[s]ection 411(a)(4) speaks of —'an action in any court.' The word 'action' is in no way limited." 417 F.2d at 373. This makes clear that § 411(a)(4) establishes protection for a union member that applies even when that member has brought a suit that will be dismissed for failing to following the procedure required by §§ 482 and 483.

The several distinguishing features between *Burroughs* and the instant case pointed out to us by counsel are not material. The union argues that Ross' actions were not protected by the Act because he was a union officer trying to retain his office. This personal interest does not exclude him from the protection of the Act. *See Hall v. Cole,* 412 U.S. 1, 14, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). The union also attempts to show that Ross is not shielded

cluding any appeals from any decisions against him.

because he is an officer rather than a member. This distinction is meaningless and we have rejected it as to other § 411 rights. *See Grand Lodge of International Association of Machinists v. King,* 335 F.2d 340, 343–44 (9th Cir.), *cert. denied,* 379 U.S. 920, 85 S.Ct. 274, 13 L.Ed.2d 334 (1964). Finally, the union asserts that Ross was "assessed," not "fined." However, since the levy, no matter how labeled, serves to "limit the right" of a member to sue, we find the distinction to be without significance.

It has been put to us that *Burroughs* should be overruled. Even if it were possible for a panel to overrule a prior decision of this circuit, we find no reason to do so. Therefore, we affirm the injunctions granted by the court below.

### Attorney's Fees

 On cross-appeal, Ross seeks to recover additional attorney's fees. The union argues that no attorney's fees are allowable in this case. We find an award of attorney's fees to be permissible under *Hall, supra.* In that similar factual situation, the Court recognized two possible grounds for allowing attorney's fees: (1) that the opposing party acted in bad faith; (2) that the litigation performed a valuable service for the union and its members. If either ground is present, the award of fees is permissible at the discretion of the district court. By defending protection of the right to sue, Ross benefitted all the union members. Thus, attorney's fees are allowable.

As to Ross' plea for additional fees, *Hall* makes fees discretionary with the district court. The discretion of the court below was not abused, therefore, the amount awarded stands.

The recent Supreme Court decision, *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), does not overrule *Hall.* In view of the great factual similarity between the instant case and *Hall,* our decision is not affected by *Alyeska.*

### Damages

In his complaint, Ross asked for $50,000 in general damages and $125,000 in punitive damages. He later moved for summary judgment on many of the matters in his complaint. The court properly denied summary judgment as to this issue as Ross had only pleaded grounds for damages; he had not attempted to offer supporting evidence, and the Union's denials prevented him from relying on the pleadings. Thus, Ross did not carry the burden of clearly showing that there was no genuine issue as to any material fact. Fed.R.Civ.P. 56(c).

The court below then expressly denied Ross' motion for damages in its original judgment. However, in the judgment as amended, damages were not mentioned. This silence on the part of the district court leaves its basis for the denial of damages unclear. We hold that damages are allowable for a violation of § 411(a)(4) under 29 U.S.C. § 412. *See Hall v. Cole,* 412 U.S. 1, 10, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1972); *International Broth. of Boilermakers, Etc. v. Braswell,* 388 F.2d 193 (5th Cir.), *cert. denied,* 391 U.S. 935, 88 S.Ct. 1848, 20 L.Ed.2d 854 (1968). Therefore, we vacate the dismissal of the claim for damages and remand for further proceedings to determine whether Ross can prove his claim for damages, and, if so, in what amount.[2]

Affirmed in part; Vacated and Remanded in part.

---

2. In deciding these issues the district court may want to keep the following cases in mind. This court has held that a plaintiff cannot recover for emotional distress alone resulting from violations of the LMRDA. *International Broth. of Boilermakers, Etc. v. Rafferty,* 348 F.2d 307, 315 (9th Cir.1965). However, if a plaintiff has alleged mental and physical injury, *Rafferty* may not apply. *See Talavera v. Teamsters Local 85,* 351 F.Supp. 155, 158–59 (N.D.Cal. 1972). And in *Braswell,* 388 F.2d at 200, the court held that punitive damages were allowed under the LMRDA.