John A. PAWLAK et al., Plaintiffs,

v.

Charles E. GREENAWALT et al., Defendants.

Civ. No. 78–1035.

United States District Court,
M. D. Pennsylvania.

Sept. 27, 1979.

As Amended Oct. 29 and Nov. 8, 1979.

**150**

Bruce F. Bratton, Harrisburg, Pa., Paul Alan Levy, Arthur L. Fox, II, Public Citizen Litigation Group, Washington, D. C., for plaintiffs.

Edward Davis, Philadelphia, Pa., for defendant Teamsters Joint Council No. 53.

Ira H. Weinstock, Handler, Gerber & Weinstock, Harrisburg, Pa., for defendants Greenawalt and Local Union 764.

John J. Dunn, Sr., Robert D. Mariani, Dunn, Byrne & Coviello, Scranton, Pa., Robert M. Baptiste, Gary S. Witlen, Washington, D. C., for defendant International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America.

## OPINION

MUIR, District Judge.

Plaintiffs have brought this action alleging violations of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401 et seq. (the Act). Plaintiffs contend that the Defendants violated 29 U.S.C. § 411(a)(4) by fining Pawlak $2635.00 to recover the costs to Local 764 in defending a federal court action brought by Pawlak and dismissed because Pawlak did not exhaust internal union remedies. Plaintiffs initially sought compensatory and punitive damages as well as declaratory and injunctive relief. On June 26, 1979, the Court, upon consent of all parties, issued an order which preserved as the only issue for decision the Defendants' authority to impose and collect the fine.

On June 11, 1979, Plaintiffs filed a motion for summary judgment accompanied by a brief. On June 26, 1979, defendants Greenawalt and Local 764 filed a brief in opposition to Plaintiffs' motion for summary judgment. On July 5, 1979, defendants Greenawalt and Local 764 filed a motion for summary judgment accompanied by a brief. On July 13, 1979, Defendant International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America (Teamsters) filed a motion for summary judgment accompanied by a brief. On July 20, 1979, Plaintiffs filed briefs in opposition to Greenawalt's and the Local's motion and in reply to the brief in opposition to Plaintiffs' motion filed by Greenawalt and the Local. On July 30, 1979, Plaintiffs filed a brief in opposition to the Teamster's motion for summary judgment. On August 7, 1979, the Teamsters filed a brief in reply to Plaintiffs' brief. For the reasons which follow, the Court will grant Plaintiffs' motion for summary judgment and deny Defendants' motions for summary judgment.

Plaintiffs' contention can be simply stated. Title 29 § 411(a)(4) provides:

> Protection of the right to sue—No labor organization shall limit the right of any member thereof to institute an action in any court . . .: *Provided,* That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal . . . proceedings against such organizations or any officer thereof.

Plaintiffs maintain that the Teamsters Constitution, Article XIX, § 12(b), which provides that if a union member institutes a court action without exhausting internal remedies and is unsuccessful the local may recover all costs and expenses incurred by the Union in defending the action, is a limit on Pawlak's right to institute a court action.

Defendants argue that without the authority to recover the costs of defending an action such as Pawlak's the proviso in 29 U.S.C. § 411(a)(4) will be ineffective to pre-

vent court actions by union members before they attempt to exhaust union remedies. In *National Labor Relations Board v. Industrial Union of Marine & Shipbuilding Workers of America*, 391 U.S. 418, 426, 88 S.Ct. 1717, 1723, 20 L.Ed.2d 706 (1968), the United States Supreme Court held that the provision in § 411(a)(4) relating to exhaustion of reasonable hearing procedures

> is not a grant of authority to unions more firmly to police their members but a statement of policy that the public tribunals whose aid is invoked may in their discretion stay their hands for four months, while the aggrieved person seeks relief from the union.

It is the Court's view that inasmuch as a court has discretion whether to require exhaustion, the Teamsters' constitution limits the right of a member to sue by placing the member in a position of having to guess whether the Court will require exhaustion in a particular case. The Court recognizes that *Marine Workers* involved a complaint to the NLRB which the Supreme Court found to encompass broader public policy considerations than an internal union dispute. Because Congress has seen fit to legislate in the area of internal union rights, the Court concludes that a dispute of that nature is likely to be of significant concern.

The Court of Appeals for the Ninth Circuit, in *Operating Engineers Local Union No. 3 v. Burroughs*, 417 F.2d 370 (9th Cir. 1969), *cert. denied*, 397 U.S. 916, 90 S.Ct. 921, 25 L.Ed.2d 97 (1970), held that it was a violation of § 411(a)(4) for a union to impose a fine upon a member who unsuccessfully sued the union without having exhausted internal union remedies. Defendants seek to distinguish *Burroughs* on the grounds that the fine in the case presently before this Court was not punishment because it represented only the costs incurred by the union in defending Pawlak's prior action. It is the Court's view that the label attached to the imposition of a monetary penalty is immaterial. Section 411(a)(4) prohibits a union from limiting the rights of its members to sue. The imposition of the Local's costs of defending the action, a rem-

edy which is granted by a Court in only extreme cases and which Local 764 did not request after Pawlak's first action was dismissed, is, as a matter of law, a limit on the member's right to sue.

Defendants also maintain that Pawlak's prior action was instituted in bad faith. There is, however, no evidence in the record to support that assertion. Defendants concede that the decision whether to require exhaustion of internal union remedies rests in the discretion of the court. Inasmuch as Pawlak's supposed lack of good faith is based solely on his failure to exhaust internal union remedies, the Court concludes that the Defendants have not established that the prior action was commenced in bad faith. It is also the Court's view that Pawlak need not establish that the prior action was commenced in good faith. To the extent Defendants fear that without a good faith requirement they will be subject to the harassment of numerous lawsuits, it is the Court's view that the remedies available to all litigants, such as an award of attorney's fees in the appropriate case, is sufficient protection for these defendants. The Court finds no basis in the Act for an exception to the clear language of § 411(a)(4) prohibiting the union from placing limits on the right of its members to sue.

In addition to a declaratory judgment declaring Defendants' actions unlawful and an injunction prohibiting Defendants from collecting the fine and enforcing § 12(b) of Article XIX of the Teamsters Constitution, Plaintiffs seek an order directing Teamsters to publicize this order in their monthly magazine as well as other relief directed toward notifying locals and members of the Court's decision. It is the Court's view that relief of this kind is necessary because the existence of § 12(b) has a chilling effect on the exercise of members' rights to file suit. Counsel for Plaintiffs and the Teamsters will be directed to attempt to agree on the form of notice, and its method of publication, and shall file an agreed upon notice and proposal for publication within 20 days of the date of this order. If they are un-

able to agree, each party shall file its proposed notice and proposal for publication within 30 days from the date of this order.