**John A. PAWLAK and James Stafford**

**v.**

**Charles E. GREENAWALT; Local Union No. 764, Teamsters, Chauffeurs, Warehousemen and Helpers; Teamsters Joint Council No. 53; and International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Charles E. Greenawalt and Local Union No. 764, Teamsters, Chauffeurs, Warehousemen and Helpers, Appellants.**

Nos. 79-2587, 79-2780.

United States Court of Appeals, Third Circuit.

Argued June 10, 1980.
Decided Aug. 20, 1980.

Paul Alan Levy, argued, Arthur L. Fox, II, Alan B. Morrison, Public Citizen Litigation Group, Washington, D. C., for appellees.

Robert M. Baptiste, argued, Gary S. Witlen, Washington, D. C., John J. Dunn, Sr., Scranton, Pa., for International Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

Ira H. Weinstock, Paul J. Dellasega, Harrisburg, Pa., for appellants Greenawalt and Local Union 764.

Before ADAMS, VAN DUSEN and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

The principal issue presented on this appeal is whether the Labor-Management Reporting and Disclosure Act, 29 U.S.C. §§ 401–531 (1976), prevents a union from fining one of its members, pursuant to a provision in the union's constitution, for suing the union without first exhausting internal union procedures. The district court, in granting summary judgment for the plaintiffs, held that such a fine is invalid under the Act. We affirm.

I.

John Pawlak, a member of Local Union No. 764, Teamsters, Chauffeurs, Warehousemen & Helpers, filed an action three

years ago in the district court contesting a change in the working conditions at his place of employment. He alleged that his employer, in instituting the change, had violated the applicable collective bargaining agreement under which Pawlak worked. Pawlak further charged that Local 764 had violated its duty of fair representation by failing to process his grievance concerning the change in conditions. The district court dismissed the complaint on the ground that Pawlak had not exhausted internal union remedies before filing suit. *Pawlak v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local Union No. 764*, 444 F.Supp. 807 (M.D.Pa.1977); *aff'd mem.* 571 F.2d 572 (3d Cir. 1978).

Pawlak then attempted to pursue his grievance through the union's internal channels, but his charges were dismissed by the Executive Board of Local 764, and he did not pursue them further. Thereafter, Local 764 filed internal charges against Pawlak, accusing him of violating Article XIX § 6(1) and 12(b) of the Constitution of the International Brotherhood of Teamsters.[1] Specifically, Pawlak was charged with having sued Local 764 without exhausting internal remedies, thereby causing the union to expend $2,635 defending the suit. Following a hearing before the Local Union Executive Board, Pawlak was fined the sum of $2,635. On appeal, both the Joint Council and General Executive Board

of the Union affirmed the imposition of the fine.

On October 23, 1978, Pawlak and James Stafford, also a member of Local 764, filed a complaint in the district court against Local 764, Charles Greenawalt, President of the Local, the Teamsters Joint Council, and the International Union. The complaint challenged the validity of the fine on the grounds that: (1) the fine unlawfully limited Pawlak's right to sue under the Labor Management Reporting and Disclosure Act § 101(a)(4) and (2) Pawlak had been denied a fair hearing by the union tribunals. Pawlak and Stafford also sought injunctive relief against enforcement of § 12(b) of the Constitution of the International Brotherhood of Teamsters, an order requiring that notice of the decision be published in the monthly *International Teamsters* magazine, and punitive damages.

The district court denied a motion by Local 764 and Greenawalt to dismiss Pawlak's complaint, although it did dismiss the fair hearing allegations. As to the latter point, the court believed that because the underlying facts were not in dispute, a transcript of the proceedings was not necessary for the court to decide whether Pawlak's statutory rights had been violated. *Pawlak v. Greenawalt*, 464 F.Supp. 1265, 1271 (M.D.Pa.1979).[2] Local 764 then filed a counterclaim seeking an order directing Pawlak to pay the fine of $2,635 that had been imposed.

1. Article XIX, Section 12(a) provides:
   Every member, officer, elected Business Agent, Local Union, Joint Council or other subordinate body against whom charges have been preferred and disciplinary action taken as a result thereof, or against whom adverse rulings or decisions have been rendered or who claims to be aggrieved, shall be obliged to exhaust all remedies provided for in this Constitution and by the International Union before resorting to any court, tribunal or agency against the International Union, any subordinate body or any officer or employee thereof.
   Article XIX, Section 12(b) provides:
   Where a member, officer, elected Business Agent, Local Union, Joint Council or other subordinate body, before or following exhaustion of all remedies provided for within the International Union, resorts to a court of law and loses his or its cause therein, all

costs and expenses incurred by the International Union may be assessed against such individual, Local Union, Joint Council or other subordinate body, in the nature of a fine, subject to all penalties applicable where fines remain unpaid.
Where such court action is by an individual or by a Local Union, Joint Council, or other subordinate body against a Local Union, Joint Council or other subordinate body, the foregoing provision in respect to the payment of costs and expenses shall be applicable in favor of the Local Union, Joint Council or other subordinate body proceeded against in court.

2. Because of our decision that the Union could not lawfully fine Pawlak for failing to exhaust internal procedures, we need not reach the issue whether Pawlak was denied a fair hearing.

All parties thereafter moved for summary judgment. The district court granted the plaintiffs' motion and denied the defendants' motion. *Pawlak v. Greenawalt*, 477 F.Supp. 149 (M.D.Pa.1979).

## II.

Section 101(a)(4) of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 411(a)(4) (1976), also referred to as the Landrum-Griffin Act, specifically protects the right of a union member to sue his union. The Act provides that:

No labor organization shall limit the right of any member thereof to institute an action in any court . . .

The only restriction on this protection is contained in the clause which states:

Provided, that any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative procedures against such organizations or any officer thereof . . .

The union contends that the fine imposed on Pawlak for his failure to exhaust internal remedies was lawful under the above proviso.

Although the language of the clause left unclear whether Congress intended the courts or the unions to implement it, the proviso has since been interpreted as empowering the courts to enforce it. The Supreme Court addressed the issue in *NLRB v. Industrial Union of Marine and Shipbuilding Workers*, 391 U.S. 418, 88 S.Ct. 1717, 20 L.Ed.2d 706 (1968). There, an employee was expelled from the union for filing charges with the National Labor Relations Board (NLRB) without first utilizing internal union procedures. The Supreme Court concluded that his expulsion violated § 8(b)(1)(A) of the National Labor Relations Act. In reaching its decision, the Court reviewed the legislative history of § 101(a)(4) of the Landrum Griffin Act and interpreted the proviso as follows:

We conclude that "may be required" [the words in the proviso] is *not a grant of authority to unions more firmly to police*

*their members* but a statement of policy that the public tribunals whose aid is invoked may in their discretion stay their hands for four months, while the aggrieved person seeks relief within the union. We read it, in other words, as installing in this labor field a regime comparable to that which prevails in other areas of law before the federal courts, which often stay their hands while a litigant seeks administrative relief before the appropriate agency. (emphasis added)

In *Operating Engineers Local 3 v. Burroughs*, 417 F.2d 370 (9th Cir. 1969), *cert. denied*, 397 U.S. 916, 90 S.Ct. 921, 25 L.Ed.2d 97 (1970), which followed *Marine Workers*, an employee was fined by his union because he had brought an action against the union without first exhausting internal procedures. The district court held that any discipline imposed on the employee for having sued the union was void. In affirming, the court of appeals declared:

"Once it is established that the proviso in 29 U.S.C. § 411(a)(4) is a policy guide for the courts and not a grant of authority for the union, and we think that at least that much is established by *Marine Workers, supra*, then for the purpose of examining the limits of permissible union discipline we are left with these words: 'no labor organization shall limit the right of any member thereof to institute an action in any court or in any proceeding before any administrative agency. . . .'"

417 F.2d at 372. See also, *Lacy v. Highway & Local Motor Freight Employees Local 667*, No. C–74–454 (W.D.Tenn., filed Apr. 3, 1978), *aff'd* 620 F.2d 303 (6th Cir., 1980) (holding union discipline for failure to exhaust unlawful).

The district court in the present case relied on *Marine Workers* and *Burroughs* in deciding that the fine imposed on Pawlak was an unlawful limitation on his right to sue the union. The union contends, however, that this case is distinguishable from *Marine Workers* and that *Burroughs* was wrongly decided.

Specifically, the union argues that in *Marine Workers* the Supreme Court differentiated suits concerning purely internal matters ("internal" suits) from those which "touched a part of the public domain" ("external" suits). According to the union, *Marine Workers* holds that a member is exempt from discipline for failing to exhaust union remedies only if his suit is of the latter type, pertaining to the public domain, and not, as in this case, if the suit is strictly internal.

The issue before the Court in *Marine Workers* was whether the union had violated § 8(b)(1)(A) of the National Labor Relations Act by expelling an employee for the earlier charges he had filed with the NLRB which alleged that the union unlawfully caused his employer to discriminate against him. In the context of that case, a distinction between external and internal suits was relevant. As the Supreme Court noted, the proviso to § 8(b)(1)(A) preserves to a union "the right of a labor organization to prescribe its own rules with respect to the acquisition or retention of membership therein" and "thus § 8(b)(1)(A) assures a union freedom of self regulation where its internal affairs are concerned." 391 U.S. at 423, 424, 88 S.Ct. at 1721. The Supreme Court determined, however, that "the proviso in § 8(b)(1)(A) . . . is not so broad as to give the union power to penalize a member who invokes the protection of the Act for a matter that is in the public domain and beyond the internal affairs of the union." 391 U.S. at 425, 88 S.Ct. at 1722.

In its *Burroughs* decision, the Ninth Circuit rejected the distinction between internal and external suits for the purpose of § 101(a)(4). Because of this, the union here urges that *Burroughs* was wrongly decided. *Burroughs* arose in the context of a suit under § 101(a)(4) rather than § 8(b)(1)(A). The court there noted that § 101(a)(4) re-

fers to "an action in any court," and that nothing in the statute distinguishes between external and internal actions. Further, the *Burroughs* court stated that the right to sue under § 101(a)(4) would be less than fully protected if a member were required to make a pre-suit determination as to whether the action was internal or external. *See also, Ross v. International Brotherhood of Electrical Workers,* 544 F.2d 1022, 1024 (9th Cir. 1976).

■ We agree with the Ninth Circuit that the internal/external distinction is not relevant to suits brought under the Landrum-Griffin Act which, unlike the National Labor Relations Act, was designed specifically to regulate internal union affairs. Thus we hold that Pawlak's right to sue in this case was fully protected by § 101(a)(4) regardless of whether the suit is considered external or internal.[3]

The union's final argument in support of the validity of § 12(b) of the International Constitution is that the section is a compensatory measure that is necessary to advance the public policy favoring exhaustion of union remedies. Although we recognize the importance of the exhaustion doctrine, we do not agree that § 12(b) is indispensable to its operation, in light of the adequate safeguards that already exist.

■ As evidenced by this case, a member who cannot produce a valid reason for failing to exhaust union remedies is likely to have his suit dismissed. Moreover, if the member acted in bad faith in suing prior to exhausting internal procedures, the court might award attorneys fees to the union.[4] Here, the district court specifically found that the suit was not initiated in bad faith. 477 F.Supp. at 151.

Nor are we persuaded by the union's argument that it imposed the fine as a com-

3. Even if the internal/external distinction were applied in this case, Pawlak's original suit might be classified as an external one. In *Marine Workers,* the suit was considered external because it implicated the employer as well as the union, and raised issues that could not be fully explored in internal union proceedings. Here too, the employer was named as a defend-

ant in the original complaint and thus the suit included issues that were not purely internal to the union.

4. *Cf. Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975).

pensatory matter only after the district court had dismissed Pawlak's original complaint for failure to exhaust. Allowing the union to recover attorneys fees in a case where the member acted in good faith would significantly limit the protections afforded by § 101(a)(4). The exhaustion requirement is not absolute; rather, its application is left to the discretion of the district court, based upon the facts of the particular case, *Marine Workers,* 391 U.S. at 426 fn. 8, 88 S.Ct. at 1722 fn. 8, *see generally* J. Bellace & A. Berkowitz, The Landrum Griffin Act Twenty Years of Federal Protection of Union Members' Rights 58–63 (University of Pennsylvania, The Wharton School, Industrial Research Unit 1979).

■ The prospect that a union member who sues his union would risk liability under § 12(b) for attorneys fees incurred by the union, in the event the court required the member to exhaust internal remedies, would, we believe, chill union members in the exercise of their statutory right to sue the union. This would undermine the very purpose of § 101(a)(4). *See Ryan v. International Brotherhood of Electrical Workers,* 361 F.2d 942 (7th Cir.), *cert. denied,* 385 U.S. 935, 87 S.Ct. 296, 17 L.Ed.2d 215 (1966). Consequently, we conclude that § 12(b) of the International Constitution is invalid in that it restricts the right of a union member to sue his union in a manner that is inconsistent with the Landrum-Griffin Act. The fine imposed on Pawlak by the union, pursuant to § 12(b), is also invalid.

### III.

In its order of September 27, 1979 the district court permanently enjoined the Teamsters from enforcing § 12(b) of the International Constitution. The union objects to the scope of the injunction and requests that it be narrowed in two respects. First, the union asks that the injunction be applied only to individual union members, and that it not prohibit the union from imposing a fine against an officer, local union, joint council, or other subordinate body. Second, the union asks that the injunction be restricted so that it is applicable only in the United States, thereby permitting § 12(b) to be enforced against members and subordinate union bodies located in Canada.

■ We do not believe that the district court erred in enjoining the union from enforcing § 12(b). The district court found § 12(b) facially invalid because it unlawfully restricted the right of Pawlak and other union members to sue the union. Consequently, it enjoined the union from enforcing that section. Nothing in the district court's opinion indicates, however, that the court either addressed or decided the question whether officers, local unions or other union bodies were "members" protected by § 101(a)(4). We do not read the opinion of the district court as holding that a more narrowly drawn provision dealing only with officers and other union bodies would be unlawful, nor do we find it necessary to pass upon that important question at this time.[5]

■ Nor do we consider it necessary to limit application of the injunction to the United States. This suit concerns only an American union member; the union's ability to fine non-American members is not at issue. We do not interpret the injunction as prohibiting the union from enacting and enforcing a provision similar to § 12(b) but applicable solely to foreign members. Accordingly, we need not reach the question whether the union could be so enjoined under the Landrum-Griffin Act.

### IV.

The judgment of the district court will be affirmed.

---

5. It should be noted that the union neither raised this objection before the district court nor moved the court for an amendment of the injunction in this respect. Such an objection should have been raised with the district court in the first instance. See *Rhoads v. Ford Motor Company,* 514 F.2d 931, 933–34 (3d Cir. 1975).