**Edward SADLOWSKI, Jr., et al., Plaintiffs,**

**v.**

**UNITED STEELWORKERS OF AMERICA, AFL–CIO–CLC, and F. Ray Marshall, Defendants.**

**Civ. A. No. 79–2953.**

United States District Court, District of Columbia.

Jan. 30, 1981.

Joseph L. Rauk, Jr., Washington, D. C., for plaintiff, Sadlowski.

Joseph A. Yablonski and Daniel B. Edelman, Washington, D. C., for plaintiffs.

Jason D. Kogan, Asst. U. S. Atty., Washington, D. C., for U. S. Dept. of Labor.

Robert M. Weinberg, Michael H. Gottesman, Gary L. Sasso, Bredhoff, Gottesman, Cohen & Weinberg, Washington, D. C., for United Steelworkers.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HART, District Judge.

The Court makes the following Findings of Fact and Conclusions of Law based upon the undisputed facts:

### Findings of Fact

1. Plaintiffs Sadlowski, Jr. and Samargia are members of the United Steelworkers of America ("USWA") and are eligible to be and may be candidates for USWA offices which are subject to Article V, Section 27 of the USWA Constitution. The next election is scheduled to be held on May 28, 1981.

2. The defendants in this action are the United Steelworkers of American and F. Ray Marshall, Secretary of Labor.

3. In 1973, Sadlowski, Jr. was a candidate for the Director of the USWA's largest

District, but the Union ruled that his election opponent who had been supported by the Union leadership was the winner. Represented by Joseph L. Rauh, Jr., Sadlowski requested the Secretary of Labor to institute suit to invalidate the election, in which he intervened, which suit was later settled by entry of a consent order. Sadlowski won the Labor Department supervised re-run election by a substantial margin, and in 1976 and 1977, he headed a slate of candidates in a contested election for the USWA's International offices. Sadlowski and his running mates were again represented by Mr. Rauh, among others, who instituted on their behalf several legal actions and complaints to the Department of Labor. The election efforts of Sadlowski and his slate in 1977 were unsuccessful, but he received nearly a quarter-million votes from the Union's membership.

4. Following the 1973 and 1977 elections, the USWA, acting through the officers who opposed the Sadlowski slate and their staff, developed a rule which would prohibit USWA members who were candidates for high union office from soliciting or receiving contributions or assistance from non-members to finance their election campaigns or election-related litigation.

5. At the next USWA Convention, the rule barring "outsider" contributions and assistance and the implementing regulations were adopted which forbid member candidates, on pain of disqualification and disciplinary action, from receiving anything from non-USWA members, including lawyers, except a non-member's volunteered personal time. The rule in the Constitution (Article V, Section 27) provides in relevant part, as follows:

"No candidate (including a prospective candidate) for any position set forth in Article IV, Section 1, and supporter of a candidate may solicit or accept financial support, or any other direct or indirect support of any kind (except an individual's own volunteered personal time) from any non-member. For purposes of this Section, the term non-member means any person who is either not eligible for membership under Article III or not in good standing or any foundation, corporation or other entity whose funds are derived in whole or in part from any person not eligible for membership under Article III or not in good standing."

6. The rule and its regulations prohibit candidates from receiving monies and contributions from, among others, their spouses, relatives, friends, as well as anyone else who is not a USWA member.

7. At the time this action was commenced, on October 31, 1971, the members of the Campaign Contribution Administrative Committee ("Committee") which was to be formed to administer this rule, had not been formally or publicly announced. When it was formed, the Committee did not have the authority or power to invalidate the rule. The only union remedy plaintiffs had was to seek a change in the Constitution with regard to Article V, Section 27, before the next USWA Convention, which was not scheduled to be held until approximately ten months after this suit was initiated.

8. After this action was filed, the USWA's lawyers sought and obtained an "advisory" ruling from the Campaign Contribution Administrative Committee which purports to limit the scope of the rule as it affects litigation by member-candidates. While USWA counsel place heavy reliance upon this advisory opinion, the Court finds that it does not cure the rule's denial of a member's right to counsel, to funds to support litigation or administrative proceedings and access to judicial and administrative bodies. Further, said Committee can change or amend its ruling at any time. The "advisory" opinion conflicts with the clear language of the rule and its implementing regulations; it could result in confusion and violation of its terms by unschooled members who are required to comply with it; and, equally important, the Committee ruling leaves in doubt whether member-candidates can be disqualified or disciplined for accepting funds, retaining counsel and bringing suit which the Committee or the union later determines was not *bona fide*.

9. That portion of this broadly-worded rule which limits meaningful access to the courts and administrative bodies cannot be separated or isolated from the rule in its entirety. Election challenges and the access to counsel, the courts and the Labor Department to pursue these matters are an integral and a most important part of the union election process.

### Conclusions of Law

1. This Court has jurisdiction of Count IV of the Complaint by virtue of Section 102 of the Labor-Management Reporting and Disclosure Act (29 U.S.C. § 412) and 28 U.S.C. §§ 1331, 1337 and 2201 and 2202.

2. Among the plaintiffs, Sadlowski, Jr. and Samargia are union members whose rights are protected by the Bill of Rights Title of LMRDA (29 U.S.C. § 411).

3. Defendant USWA is an International "labor organization" within the meaning of Section 3(i) of the Act.

4. Plaintiffs Sadlowski, Jr. and Samargia have "standing" to challenge Article V, Section 27 of the USWA Constitution.

5. Section 101(a)(4) of LMRDA provides in part as follows:

"(4) Protection of the right to sue. No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding. . . ."

6. At the time this action was filed, plaintiffs had no adequate, readily ascertainable internal union remedies available to them to challenge Article V, Section 27. *Chambers v. Local Union No. 639,* 578 F.2d 375, 385–86 & notes 12–20 (C.A.D.C., 1978); *Semancik v. District 5, UMW,* 466 F.2d 144, 150 (C.A.3, 1972); *Steib v. New Orleans Clerks, Local 1497,* 436 F.2d 1101, 1106 (C.A.5, 1971); *Detroy v. American Guild of Variety Artists,* 286 F.2d 75, 80–81 (C.A.2, 1961); *Cefalo v. International Union of District 50,* 311 F.Supp. 946, 953–54 (D.D.C., 1970).

7. The right-to-sue provision contained in Section 101(a)(4) has been construed to prohibit *any* limitations on the exercise of that right. *NLRB v. Industrial Union of Marine & Shipbuilding Workers,* 391 U.S. 418, 424–25, 88 S.Ct. 1717, 1721–1722, 20 L.Ed.2d 706 (1968); *Operating Engineers Local Union No. 3 v. Burroughs,* 417 F.2d 370 (C.A.9, 1969).

8. The right-to-sue is too precious a right to subject union members to disqualification from office or union discipline because they are found to have improperly solicited or received monies or retained counsel or instituted an action which is later found by the Union or its Committee to have been frivolous, unwarranted or commenced in bad faith. *NLRB v. Industrial Union of Marine & Shipbuilding Workers, supra; Operating Engineers v. Burroughs, supra; Pawlak v. Greenawalt,* 628 F.2d 826, 829–30 (C.A.3, 1980); *Lacy v. Highway Freight Employers,* 99 LRRM 2403 (W.D. Tenn., 1978), aff'd, 620 F.2d 303 (C.A.6, 1980); *Ross v. International Bro. of Electrical Workers,* 544 F.2d 1022, 1024 (C.A.9, 1976).

9. Article V, Section 27 of the USWA Constitution, on its face and even after being construed by the Union-appointed Committee unduly and unlawfully limits the rights of USWA members who are candidates for high union office to sue in the courts and to be able to collect funds necessary to bring suit, to retain counsel and initiate suits or administrative proceedings without fear of disqualification or discipline.

10. The unlawful effects of the rule cannot be separated from the rule as a whole. Because the application of the rule to litigation support is not "functionally independent" from the balance of the rule, as is obvious from its text and because the confusion on what can and cannot be done under the rule will have a chilling effect on guaranteed rights of member candidates, the entire rule must be declared invalid and of no force and effect, pursuant to Section 101(b) of LMRDA (29 U.S.C. § 411(b)).

*United States v. Reese,* 92 U.S. 214, 221, 23 L.Ed. 563 (1876); *United States v. JuToy,* 198 U.S. 253, 262, 25 S.Ct. 644, 646, 49 L.Ed. 1040 (1905); *Aptheker, et al. v. The Secretary of State,* 378 U.S. 500, 515–516, 84 S.Ct. 1659, 1668–1669, 12 L.Ed.2d 992 (1964); *United States v. Robel,* 389 U.S. 258, 267, 88 S.Ct. 419, 425, 19 L.Ed. 508 (1969); *United States v. Jackson,* 390 U.S. 570, 586, 88 S.Ct. 1209, 1218, 20 L.Ed.2d 138 (1968); *Pawlak v. Greenawalt, supra; Retail Clerks Union v. Retail Clerks Int'l Ass'n,* 299 F.Supp. 1012, 1025–26 (D.D.C., 1969); *Ryan v. IBEW,* 361 F.2d 942, 946 (C.A.7, 1966), cert. denied, 385 U.S. 935; *Parks v. IBEW,* 314 F.2d 886, 893–94 n. 7 (C.A.4, 1963).

11. Section 102 of LMRDA authorizes the Court to grant "such relief (including injunctions) as may be appropriate." In addition to declaring Article V, Section 27 to be of no force and effect, the Court has a "broad mandate" to fashion relief to fit the circumstances of the case. *Hall v. Cole,* 412 U.S. 1, 10–11, 93 S.Ct. 1943, 1948–1949, 36 L.Ed.2d 702 (1973). The Court has determined that defendant and its agents should be enjoined from implementing or enforcing the rule and, due to the short period remaining until elections are held in May, notice to all members should be provided informing them of the Court's decision. *Hodgson v. United Mine Workers,* 344 F.Supp. 17, 37 (¶ 18) (D.D.C., 1972).

12. The Court concludes that plaintiffs and others similarly situated would be irreparably harmed if injunctive relief were not granted; that by comparison, the Union will not be harmed by the relief which is ordered; and finally, the public interest in democratic union elections and the unfettered right-to-sue as manifested in LMRDA will be enhanced by the grant of injunctive relief.

## ORDER

Upon consideration of defendant Secretary of Labor's Motions to Dismiss and for a Protective Order, and of plaintiffs' Motion for Summary Judgment, and of defendant's United Steelworkers Union Motion for Summary Judgment, and after consideration of the entire record herein, and after argument of counsel, it is by the Court this 30th day of January, 1981,

ORDERED, that:

1. The Motion to Dismiss filed by the defendant Secretary of Labor is granted for lack of jurisdiction;

2. The Motion of the Secretary of Labor for a Protective Order is dismissed as moot;

3. With respect to Defendant United Steelworkers of America's Motion to Dismiss the Complaint, or, in the Alternative, For Summary Judgment, the Court makes the following rulings:

a. Article V, Section 27 of the USWA Constitution which completely bans the solicitation or receipt of contributions from non-USWA members too broadly trenches upon protected freedoms of expression and association and therefore, would violate the guarantees contained in the First Amendment if state action were present here. I rule that there is not the necessary involvement of state action, at least up to this point, in light of the holding in the Supreme Court opinion in *United Steelworkers of America v. Weber,* 443 U.S. 193, 202, 99 S.Ct. 2721, 2727, 61 L.Ed.2d 480 (1979).

b. Therefore, the Court hereby grants the Motion of the USWA to Dismiss Counts I, II and III of the Complaint.

4. The Motion of the USWA for Summary Judgment as to Count V of the Complaint is granted.

5. With respect to plaintiffs' Cross-Motion for Summary Judgment, the Court makes the following rulings:

a. The Cross-Motion for Summary Judgment as to Count IV of the Complaint is granted. The Court finds that Article V, Section 27 of the USWA Constitution unduly and unlawfully restricts the right of candidates for union office to initiate legal and administrative proceedings and to obtain the funds necessary to bring such actions

627

or to enforce their rights relating to union elections and that these unlawful effects cannot be separated from the rule as a whole. The rule is therefore inconsistent with the guaranteed rights set forth in Section 101(a)(4) of the Labor-Management Reporting and Disclosure Act (29 U.S.C. § 411(a)(4)).

IT IS FURTHER ORDERED,

1. Article V, Section 27 of the USWA Constitution is declared to be inconsistent with the rights guaranteed to union members set forth in Section 101(a)(4) of the Labor-Management Reporting and Disclosure Act;

2. Pursuant to Section 101(b) of the Act, Article V, Section 27 of the USWA Constitution is invalid and of no force and effect;

3. Defendant United Steelworkers of America, its officers, agents, representatives, attorneys and anyone acting in concert with them, are hereby permanently enjoined from implementing or enforcing Article V, Section 27 of the USWA Constitution.

4. Defendant USWA shall publish a notice, the contents and form of which shall be agreed upon by counsel for the parties, or, in the absence of agreement, determined by the Court, in three successive issues of *Steel Labor* commencing with an issue to be determined by the Court, informing all USWA members that Article V, Section 27 has been declared invalid and is of no force and effect; and

IT IS FURTHER ORDERED, that the terms of this Order shall be stayed until February 16, 1981 at 4:00 p. m.; and

IT IS FURTHER ORDERED, that plaintiffs' Motion for Summary Judgment on Counts I, II, III and V be and the same is hereby denied and defendant's United Steelworkers of America's Motion for Summary Judgment on Count IV be and the same is hereby denied.