**Aristides MARTINEZ, Appellant**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS— IBEW LOCAL UNION NO. 98.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Oct. 29, 2009.

Filed: Nov. 19, 2009.

Aristides Martinez, Princeton Junction, NJ, for International Brotherhood of Electrical Workers–Ibew Local Union No. 98.

Regina C. Hertzig, Esq., Jeremy E. Meyer, Esq., Cleary & Josem, Philadelphia, PA, pro se.

Before: BARRY, FISHER and COWEN, Circuit Judges.

## OPINION

PER CURIAM.

Aristides Martinez, proceeding *pro se*, appeals the District Court's order granting summary judgment in favor of International Brotherhood of Electrical Workers–IBEW Local Union No. 98 ("the Union"). For the reasons discussed below, we will affirm.

*I.*

Martinez, a self-described "Hispanic American man born in Bogota, Colombia," was a member of the Union during his employment as a video editor at WTXF29, a Fox Television station in Philadelphia. He was sixty-four years-old when WTXF29 hired him in 1996. In July 2003, Martinez received a written warning for poor job performance, and he received a second written warning in September 2003 for a number of job errors. WTXF29 issued a third performance warning in November 2003 and a "last and final" warning in February 2004 for an unexcused failure to come to work on Super Bowl Sunday. Each document warned that his poor performance could result in termination.

Following the July 2003 warning, Martinez met with the Union's business agent, Larry DelSpechio, to discuss the warning and Martinez's concerns about staff and management. DelSpechio advocated informally for Martinez with management, but did not file a grievance. Martinez wrote to DelSpechio again after he received the November 2003 warning to express his version of events and his belief that the Union was required to protect him from false

accusations. DelSpechio again met with Martinez and management, but did not file a grievance.

WTXF29 suspended Martinez in April 2004 after he verbally abused a co-worker; he refused to participate in the subsequent investigation. On May 4, 2004, WTXF29 fired Martinez. The Union filed a grievance two days later, which WTXF29 rejected. The Union did not pursue arbitration under the collective bargaining agreement based on its determination that WTXF29 properly fired Martinez for cause and that the Union could not prevail at arbitration.

Martinez alleges that he was subjected to "hostility, resentment, and contempt" and harassment from fellow Union members because of his age and ethnicity. He complained in writing to both WTXF29 and the Union about one co-worker in particular, Jamal Northern. The Union dismissed the complaint. Martinez filed complaints against WTXF29 with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission. The record does not show that Martinez pursued any action against the Union prior to filing suit.

Martinez filed this complaint in October 2006, alleging that the Union provided only minimal representation during the investigation that followed his suspension and did not pursue his case through arbitration. He claims that the Union discriminated against him on the basis of age and national origin, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(c), respectively. He further claims that such discrimination violates the Pennsylvania Human Relations Act (PHRA), 43 Pa. Const. Stat. §§ 951–963. Martinez filed an amended complainant in November 2007, adding claims under the Labor–Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. §§ 401–531, and § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. The Union filed a motion for summary judgment, which the District Court granted on May 27, 2009. Martinez filed a timely notice of appeal.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing a District Court order granting of summary judgment, we apply the same test that the District Court applied. *Saldana v. Kmart Corp.*, 260 F.3d 228, 231 (3d Cir.2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-moving party and drawing all inferences in that party's favor, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 232; Fed.R.Civ.P. 56(c). The party opposing summary judgment "may not rest upon the mere allegations or denials of the ... pleading," but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana,* 260 F.3d at 232 (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

## III.

### A. *LMRDA and LMRA Claims*

█ The District Court dismissed Martinez's LMRDA and LMRA claims because he did not exhaust internal remedies. Union members are required to exhaust the grievance and arbitration remedies contained in a collective bargaining agreement prior to filing suit under the LMRA. *Anjelino v. New York Times Co.*, 200 F.3d 73, 99 (3d Cir.1999); *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530, 1538 (3d Cir.1992).

Claims brought pursuant to the LMRDA are properly dismissed where the claimant "cannot demonstrate a 'valid reason' for failing to exhaust internal procedures." *Anjelino*, 200 F.3d at 99 (quoting *Pawlak v. Greenawalt*, 628 F.2d 826, 830–31 (3d Cir.1980)). Because Martinez has not demonstrated that he exhausted the Union's internal grievance procedures prior to filing his complaint, we will affirm the dismissal of these claims.

### B. *Title VII, ADEA, and PHRA Claims*

The District Court concluded that Martinez made insufficient showings to defeat summary judgment on his claims under Title VII, the ADEA, and the PHRA. Martinez claims that the Union: 1) knew of and failed to intervene when WTXF29 discriminated against him; 2) discriminated against him when it handled its representation of him differently from its representation of other Union members; and 3) failed to protect him from harassment and discriminatory conduct from other Union members.

Under Title VII, a Union is barred from discriminating against its members based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(c); *see also Anjelino*, 200 F.3d at 95–96 (a union may be held liable if it "instigated or actively supported" the discrimination). Both the ADEA, 29 U.S.C. § 623(c), and the PHRA, 43 Pa. Const. Stat. § 955(c), mirror Title VII's language and apply to Unions. Title VII prohibits discriminatory employment practices based upon an individual's "race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e–2(c). A plaintiff carries the initial burden of establishing a *prima facie* case. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To establish a prima facie case, a Title VII plaintiff must demonstrate that: 1) he belongs to a protected class; 2) he was qualified for the position; 3) he was subject to an adverse employment action; and 4) the adverse action was under circumstances giving rise to an inference of discrimination. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir.2003).

That Martinez is a Colombian citizen of Hispanic descent, is over forty years-old, and was qualified for his position at WTXF29 is not in dispute. The relevant question, therefore, is whether he had been subject to an adverse employment action under circumstances suggesting discrimination.

#### 1. Employer Action

Martinez first claims that the Union failed to intervene when WTXF29 fired him for discriminatory reasons. The District Court properly found that the Union cannot be held liable for WTXF29's alleged discrimination against Martinez unless the Union took an active role in the discrimination. *See Anjelino*, 200 F.3d at 95 (1999). Martinez did not proffer any evidence of such conduct. The Court also concluded that, because it had already determined that WTXF29 did not discriminate against him, *see Martinez v. Fox Broad. Co.*, No. 06–04537, 2008 WL 4425099, at *6, 8, Martinez was collaterally estopped from relitigating the issue. *See generally, Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 209 (3d Cir.2001).

#### 2. The Union's Representation of Martinez

Martinez next claims that the Union did not represent him as zealously as it had represented other Union members. Pursuant to the collective bargaining agreement between the Union and WTXF29, Martinez could have demanded arbitration following the completion of a

two-step grievance process. The Union did not file a grievance until after Martinez was fired, rather than when he was suspended, and then decided not to pursue arbitration. The District Court concluded that Martinez failed to show that his fellow Union members were similarly situated, and, as a result, failed to establish that he received differential treatment. *See Kline v. Kansas City, Mo., Fire Dept.,* 175 F.3d 660, 670–71 (8th Cir.1999) ("similarly situated" means similar "in all relevant respects"); *Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344, 353 (6th Cir. 1998) (same). We agree with the District Court's conclusion that, although the Union's decision not to pursue arbitration constituted an "adverse action," Martinez failed to show sufficient evidence that the circumstances of that decision suggested discrimination. *See Sarullo,* 352 F.3d at 797–98. Accordingly, the District Court properly granted summary judgment in favor of the Union on this claim.

### 3. Harassment

■ Martinez claims that his co-workers subjected him to racially-motivated and age-related abuse, and alleges that the Union overlooked the harassment. He mentions one fellow Union member, Jamal Northern, in particular. To establish a claim under Title VII because of an intimidating or offensive work environment, a plaintiff must show that: 1) he suffered intentional discrimination because of his national origin; 2) the discrimination was pervasive and regular; 3) the discrimination detrimentally affected him; 4) the discrimination would detrimentally affect a reasonable person of the same race in that position; and 5) there is a basis for vicarious liability. *Cardenas v. Massey,* 269 F.3d 251, 260 (3d Cir.2001). As the District Court correctly found, although Martinez did establish that he and Northern had an adversarial relationship, he did not show any evidence of discriminatory harassment by any Union member. Moreover, the District Court properly concluded that, even if Martinez could point to evidence of discriminatory harassment, he could not show that the Union "instigated or actively supported" the harassment. *See Anjelino,* 200 F.3d at 95–96.[1]

### C. *Negligent Infliction of Emotional Distress*

The District Court correctly declined to exercise jurisdiction over Martinez's state law claims, once it decided to grant the Union summary judgment on his federal law claims.

### D. *Discovery Order*

Finally, Martinez claims the District Court abused its discretion in limiting discovery, namely, limiting DelSpechio's deposition to three hours and denying him the opportunity to depose a Union shop steward to challenge DelSpechio's credibility. In denying Martinez's motion for reconsideration, the District Court clarified that its original order did not prevent the shop steward from appearing voluntarily for deposition. Moreover, the District Court properly held that credibility determinations are inappropriate in the summary judgment context. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### *IV.*

Upon review of the record, we conclude that the District Court correctly granted the Union's motion for summary judgment

---

1. As the District Court noted, the Union did investigate Northern's conduct regarding Martinez in 2004, and concluded that it was not actionable. WTXF resolved a 2002 dispute between the two men in favor of Martinez.

for substantially the same reasons given in the District Court's memorandum opinion. As the appeal does not present a substantial question, we will summarily affirm the District Court's judgment. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.