618 F.2d 1351
 104 L.R.R.M. (BNA) 3057, 89 Lab.Cas. P 12,266
 Ann M. ORNELLAS, Plaintiff and Appellant,
v.
Stanley OAKLEY, United Brotherhood of Carpenters and Joiners
of America et al., Defendants and Appellees.
Ann M. ORNELLAS, Plaintiff and Appellant,
v.
LOCAL 769 OF the UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA et al., Defendants and Appellees.
 Nos. 77-3905, 78-2982.
 United States Court of Appeals,
Ninth Circuit.
 May 5, 1980.
 
 Goodwin Burns of Law Offices Burns & Simmons, Pasadena, Cal., for plaintiff and appellant.
 Geffner & Satzman, Los Angeles, Cal., for defendants and appellees.
 Appeal from the United States District Court for the Central District of California.
 Before SNEED and TANG, Circuit Judges, and JAMESON,* District Judge.
 TANG, Circuit Judge:
 
 
 1
 In these consolidated cases, Ann Ornellas appeals in No. 77-3905 the district court's granting of the defendants'[1] motion for summary judgment in her action alleging violations of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. §§ 401-531, and in No. 78-2982 the district court's dismissal of her action alleging job discrimination on the basis of sex in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-1-2000e-17. Both actions arose out of a series of transactions that led to her expulsion as a member and employee of Local 769 of the United Brotherhood of Carpenters and Joiners of America. We reverse both actions, finding that the district court erred in finding that Ornellas had failed to exhaust other avenues of relief in her LMRDA action, and, consequently, that the district court erred in dismissing her Title VII suit on the basis of the erroneous summary judgment.
 
 
 2
 In 1939 Ornellas joined a local of the Carpenters' Union as a condition for employment in the furniture industry. She voluntarily suspended her union membership in 1943 when she ceased working within the jurisdiction of the Carpenters' Union.
 
 
 3
 In September 1965 Local 769 hired Ornellas as an office worker. Ornellas was represented by Local 30 of the Office Employees Union. At the suggestion of several officers of the Los Angeles District Council of the Carpenters' Union, Ornellas applied on November 1, 1971 for reinstatement as a member of the Carpenters' Union. In her application, Ornellas stated, in response to the question how long she had worked "at the trade," that she had worked for 12 years. In response to whether or not she held membership in another labor organization, she answered "no" but referred to a provision of the Carpenters' Union constitution prohibiting membership in another union whose jurisdiction overlaps with that of the Carpenters' Union. Her application was approved, and Ornellas paid her dues and pension contributions until she was expelled from the Union in October 1975.
 
 
 4
 In May 1975 Ornellas was nominated for the office of Financial Secretary of Local 769. Defendant Stanley Oakley, also a nominee, questioned Ornellas' membership. Defendant Burton Wilber, then President of Local 769, held Ornellas' nomination in abeyance, and Oakley was elected. As a result, Oakley became Ornellas' supervisor.
 
 
 5
 On July 17, 1975 Ornellas was notified that, because of Local 769's financial problems, her work week was reduced from 35 to 17 1/2 hours. This reduction adversely affected her pension and vacation rights. Faced with the decision whether immediately to use her accrued vacation time or forfeit it, Ornellas spent most of the period between July 17 and September 2, 1975 on vacation. Upon returning to work on September 2, Oakley terminated Ornellas' employment.
 
 
 6
 On July 18 and September 30, 1975 Oakley instituted charges that Ornellas had falsified information on her application. Ornellas appeared at hearings before the trial committee of the District Council of the Carpenters' Union on September 15 and 26 to answer these charges. On October 14, 1975 Ornellas was informed by the District Council that she was expelled from the Carpenters' Union.
 
 
 7
 In the interim, on September 3, 1975, Ornellas filed a charge with the National Labor Relations Board. After she was notified by the Regional Director that the Board would not issue a complaint, Ornellas unsuccessfully appealed the decision to the Office of Appeals.
 
 
 8
 On September 8 Ornellas filed a grievance with Local 30 of the Office Employees Union. No action was taken on Ornellas' grievance despite her periodic inquiries.
 
 
 9
 Ornellas next filed a charge of sex discrimination with the EEOC against the Carpenters' Union. Upon being notified that the EEOC would take no action, she filed a timely action under Title VII against the defendants.
 
 
 10
 On December 10, 1975 Ornellas appealed her expulsion from the Carpenters' Union to the General Secretary of the Carpenters' Union. The General Secretary upheld the expulsion. Under the Carpenters' Union constitution, Ornellas' next intraunion remedy was an appeal to the general convention, then scheduled to meet in the summer of 1978. Eschewing this course, Ornellas filed an action in the district court, alleging that the defendants had violated her rights as a union member.
 
 
 11
 The defendants moved for summary judgment. The district court granted the motion, apparently on the grounds that Ornellas had failed to exhaust her intraunion remedies, that she had failed to exhaust her remedies under the collective bargaining agreement between Local 769 and Local 30 of the Office Employees' Union, and that she had failed to file a complaint with the Secretary of Labor. The district court also found that she had falsified her membership application with the Carpenters' Union, that she had been terminated for economic reasons, and that she had been expelled from the union in accordance with the terms of the union's constitution.
 
 
 12
 On the basis of this judgment, the defendants moved to dismiss Ornellas' Title VII on the grounds of res judicata. The district court granted the motion, and Ornellas appeals from both judgments.
 
 I.
 No. 77-3905
 A. Exhaustion of Intraunion Remedies
 Under 29 U.S.C. § 411(a)(4):
 
 13
 (4) Protection of the right to sue. No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding, or the right of any member of a labor organization to appear as a witness in any judicial, administrative, or legislative proceeding, or to petition any legislature or to communicate with any legislator: Provided, That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof . . .
 
 
 14
 Section 411(a)(4) is a grant of authority to the courts, not the unions, to require exhaustion of reasonable hearing procedures before an aggrieved person may pursue an action in the district court. See NLRB v. Industrial Union of Marine & Shipbuilding Workers, 391 U.S. 418, 426, 88 S.Ct. 1717, 1722, 20 L.Ed.2d 706 (1968). As a matter of discretion, the district courts may require exhaustion of intraunion remedies for up to four months, see Stelling v. IBEW, Local 1547, 587 F.2d 1379, 1390 (9th Cir. 1978), cert. denied, 442 U.S. 944, 99 S.Ct. 2890, 61 L.Ed.2d 315 (1979); Ross v. IBEW, 544 F.2d 1022, 1024 (9th Cir. 1976), although it may excuse the four-month requirement where the intraunion remedies would be inadequate or pursuit of them would be futile, Bise v. IBEW, Local 1969, 618 F.2d 1299, 1303, 87 Lab. Cases (CCH) Para. 11,579 at 22349 (9th Cir. 1979); Clayton v. ITT Gilfillan, 87 Lab. Cases (CCH) Cases Para. 11,545 at 22137 (9th Cir. 1979).
 
 
 15
 We need not determine here whether the district court should have excused the exhaustion requirement, because Ornellas in fact exhausted her intraunion remedies. Section 411(a)(5) requires pursuit of intraunion remedies up to four months; a person has adequately exhausted her remedies where her remaining appeal within the union lies beyond a four-month period. See Rosario v. Dolgen, 441 F.Supp. 657 (S.D.N.Y.1977), aff'd in part, rev'd on other grounds, sub nom. Rosario v. I.G.L.W.U. Local 10, 605 F.2d 1228 (2d Cir. 1979). Ornellas pursued her intraunion remedies for more than the required four-month period. The only avenue she did not pursue, an appeal to the General Convention in the summer of 1978, was far beyond the statutory period.
 
 
 16
 B. Failure to File a Complaint with the Secretary of Labor
 
 
 17
 A second ground on which the district court granted defendant's motion for summary judgment was Ornellas' failure to file a complaint with the Secretary of Labor. Ornellas, however, was not required to file a complaint with the Secretary.
 
 
 18
 Under 29 U.S.C. § 481, union members are guaranteed free and democratic elections. See Wirtz v. Local 153, Glass Bottle Blowers Ass'n, 389 U.S. 463, 470-71, 88 S.Ct. 643, 648, 19 L.Ed.2d 705 (1968). Because of the Congressional policy of minimizing judicial interference in union elections, there is no private cause of action to redress alleged violations of § 481. Instead, under 29 U.S.C. § 482, a union member alleging a violation of § 481, after exhausting her intraunion remedies, can file a complaint with the Secretary of Labor, and only the Secretary of Labor can initiate a lawsuit challenging the validity of a union election. Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964).
 
 
 19
 In Calhoon, the Supreme Court held that the jurisdiction of the district court could not be invoked by union members alleging that their rights under Title I of the LMRDA, 29 U.S.C. § 411, had been violated, when those allegations in substance charge a breach of Title IV, 29 U.S.C. § 481. Calhoon, 379 U.S. at 138-39, 85 S.Ct. at 295. Ornellas, however, has not in effect alleged a violation of Title IV. Although Ornellas' attempt to run for union office triggered the events in question, it is plain that the substance of her action is not a challenge to union elections which only the Secretary of Labor may challenge. See Calhoon, 379 U.S. at 140-41, 85 S.Ct. at 296. Rather, Ornellas' complaint alleges in substance violations of rights guaranteed in Title I: her loss of both union membership and employment in retaliation for the exercise of her rights, and the failure of the union to comply with its own procedures. She seeks no relief with respect to Oakley's election as Secretary-Treasurer. No policy of minimizing judicial interference in union elections would be served by requiring Ornellas to file with the Secretary of Labor, and the district court erred in imposing such a requirement.
 
 
 20
 C. Failure to Exhaust Remedies Under the Collective Bargaining Agreement
 
 
 21
 The district court also found that Ornellas failed to exhaust the remedies available to her under the collective bargaining agreement between the Local 30 of Office Employees' Union and Local 769.
 
 
 22
 In her affidavit, Ornellas alleged that she filed a grievance with Local 30, and despite her numerous inquiries concerning the grievance, the union had taken no action. The record contains a copy of her grievance that corroborates Ornellas' averment. Ornellas, therefore, has at the very least raised a genuine issue of material fact as to whether she pursued her collective bargaining remedies. Furthermore, it is unclear what remedy the Office Employees' Union could provide Ornellas with respect to her claims that defendants wrongfully expelled her from Local 769. Ornellas' claims regarding her membership with Local 769 and the procedures employed to expel her appear to be matters that have little, if anything, to do with the collective bargaining agreement. The parties inadequately addressed the scope of the collective bargaining agreement in both the district court and this court, and we leave the resolution of the issue to the district court upon remand.
 
 D. Genuine Issues of Material Fact
 
 23
 Although the district court granted the defendants' motion for summary judgment in its mistaken belief that Ornellas had failed to exhaust other remedies, it also included findings of fact that went to the merits of the litigation. Genuine issues of material fact, however, exist with respect to at least three of these findings.
 
 
 24
 In Findings Nos. 11 and 12, the district court, apparently relying on Oakley's affidavit, found that Ornellas' work was reduced, and finally terminated, due to economic conditions. Ornellas, however, averred that she was terminated in retaliation for exercising her membership rights. Given the timing of events, an inference of retaliation can be fairly drawn. The district court should not have resolved Ornellas' and Oakley's conflicting versions of the reasons behind the union's action on a motion for summary judgment.
 
 
 25
 In Finding No. 16, the trial court found that "After a trial pursuant to the procedures set forth in the Constitution and Laws of defendant" Carpenters' Union, Ornellas was expelled. Ornellas alleged in her affidavit that she was denied certain rights guaranteed by the Union Constitution, including the (1) right to trial by committee chosen by lot; (2) right to challenge members of the committee; (3) right to counsel; (4) right to present testimony in her own behalf; (5) right to have the proceeding recorded; and (6) the right to cross-examine. The defendants do not deny these allegations, and this finding was in error.
 
 
 26
 In Finding No. 18, the trial court found that Ornellas falsified her application by stating she had never been a member of the Carpenters' Union, that she had been a "member of the trade" for 12 years, and that she belonged to no other union. Ornellas' application shows, however, that she stated she had been a member of the Carpenters' Union. Furthermore, in the margins Ornellas wrote, next to the "member of the trade" question, "7 years Pasadena, 5 years S.F. area"; next to the membership in another union question, she referred to the portion of the Union Constitution which forbade membership in another Union with "conflicting jurisdiction."
 
 
 27
 Ornellas argues that these notations explained and clarified what otherwise would have been false answers. Wilber, President of Ornellas' Carpenters' Union local and a defendant in this action, at one time agreed that in light of these notations in the margins, these were not "outright or intentional false statements."
 
 
 28
 All of these answers present factual issues as to whether Ornellas falsified her application, and should not have been decided in a motion for summary judgment.
 
 II.
 No. 78-2892
 
 29
 The district court, relying on the summary judgment disposition of Ornellas' LMRDA claims, granted the defendants' motion to dismiss Ornellas Title VII claim on the ground of res judicata. Because we have reversed the district court's summary judgment of the LMRDA claims, we must also reverse the dismissal on the Title VII claims. A reversed or dismissed judgment cannot serve as the basis for a disposition on the ground of res judicata or collateral estoppel. See Associates Capital Services Corp. v. Loftin's Transfer & Storage Co., 554 F.2d 188 (5th Cir. 1977); Simpson v. Motorists Mutual Insurance Co., 494 F.2d 850 (7th Cir.), cert. denied, 419 U.S. 901, 95 S.Ct. 184, 42 L.Ed.2d 147 (1974); 1B Moore's Federal Practice, Paragraph 416(2) at 2231 (2d ed. 1974). We express no opinion whether, or to what extent, resolution of Ornellas' LMRDA claims adversely to her would have preclusive effect on her Title VII action.
 
 Conclusion
 
 30
 The judgments of the district court in Nos. 77-3905 and 78-2892 are reversed, and remanded to the district court for proceedings not inconsistent with this opinion.
 
 
 
 *
 Honorable WILLIAM J. JAMESON, Senior United States District Judge for the District of Montana, sitting by designation
 
 
 [1]
 The defendants in No. 77-3905 are Stanley Oakley and Burton Wilber, union officials, Local 769 of the United Brotherhood of Carpenters and Joiners of America; Los Angeles District Council of Carpenters of the United Brotherhood of Carpenters and Joiners of America; and United Brotherhood of America. All but Oakley and Wilber are defendants in No. 78-2892