52 F.3d 326
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 SOUTHERN LABOR UNION; Raleigh Adams; Bobby Maggard;
Clarence Maggard, Jr., Plaintiffs-Appellees,
v.
Johnny ADAMS; Dwight Fowler, Defendants-Appellants,
Robert B. Reich, Secretary of Labor, Defendant.
 No. 94-6211.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1995.
 
 1
 Before: KEITH and MARTIN, Circuit Judges, and SMITH, District Judge.*
 
 ORDER
 
 2
 The plaintiffs, through counsel, appeal a district court order granting their motion for summary judgment in this suit for a declaratory judgment regarding their rights and duties under Sec. 501 of the Labor-Management Reporting and Disclosure Act (LMRDA) and under Sec. 406 of the Employee Retirement Income Security Act (ERISA). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 The plaintiffs brought this suit because the Southern Labor Union (SLU) wishes to disburse to the SLU's Pension Fund certain remaining assets that have been collected as union dues from current and past SLU members. In their complaint, the plaintiffs presented three options for disbursing funds now being held for what has become, essentially, a defunct miner's union. Specifically, the plaintiffs asked the district court to declare: 1) that the plaintiff Board members have the authority to terminate the SLU and to disburse its remaining assets, totalling approximately $230,000, and that the Board's plans for disbursement of these assets are a proper exercise of the Board's function under Sec. 501 of the LMRDA (29 U.S.C. Sec. 501); and 2) that transfer of these assets to the SLU's Pension Fund does not constitute a prohibited transaction forbidden by Sec. 406 of ERISA (29 U.S.C. Sec. 1106).
 
 
 4
 An agreement was reached between the plaintiffs and the Secretary of Labor, wherein the Secretary acknowledged that the transfer of assets to the union's Pension Fund would not constitute a prohibited transaction within the meaning of 29 U.S.C. Sec. 1106. Thereafter, the district court entered an order dismissing the Secretary as a party to this suit. Upon the plaintiffs' motion, the district court then certified the matter as a class action pursuant to Fed.R.Civ.P. 23(b)(1)(A) and defined the class as all members of the SLU or its local unions who had paid dues on or after January 1, 1993. The plaintiffs then filed a motion for summary judgment, to which the defendants responded.
 
 
 5
 The district court first determined that the only issue raised by the defendants in response was whether the plaintiffs, as alleged members of the SLU's Executive Board (Board), had the authority to terminate the union and to disburse the stated funds. Specifically, the defendants argued that the Board had not complied with the required procedures for a duly authorized election under 29 U.S.C. Sec. 482 and, thus, lacked the power to take any action regarding the status and assets of the union. The district court noted that the defendants had filed a complaint with the Secretary of Labor, in July of 1993, challenging the last union election procedures, but that the Secretary had not brought a civil cause of action against the union or against the plaintiffs on the basis that any violation of the statutory election procedures had occurred. Thus, the district court relied on the language in 29 U.S.C. Sec. 482(b) to find that, in the absence of a challenge by the Secretary of Labor to the election procedures, the election must be presumed valid. Finding no other challenges to the plaintiffs' suit, the district court granted the plaintiffs' motion for summary judgment and declared the proposed transfer of funds to be a proper exercise of the Board's duties. On appeal, the defendants repeat their allegation that no proper union election was held in March 1993, the month in which another election should have taken place under the union's constitution and by-laws.
 
 
 6
 This court's review of a grant of summary judgment is de novo. Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993).
 
 
 7
 Under 29 U.S.C. Sec. 481, union members are guaranteed free and democratic elections. See Wirtz v. Local 153, Glass Bottle Blowers Ass'n, 389 U.S. 463, 470-71 (1968); Ornellas v. Oakley, 618 F.2d 1351, 1355 (9th Cir.1980). However, Title IV of the LMRDA specifically states that any union member who alleges a violation of that Title must first exhaust any internal remedies available under the constitution and bylaws of the union, then file a complaint with the Secretary of Labor, who "shall investigate" the complaint. 29 U.S.C. Secs. 482(a) and (b); Local No. 82, Furniture and Piano Moving, Furniture Store Drivers v. Crowley, 467 U.S. 526, 539 (1984). The Secretary has the discretion to determine whether violations may have affected the outcome of a union election and, if so, whether to bring suit in federal court to set aside the election. 29 U.S.C. Sec. 482(b); Donovan v. Westside Local 174, Int'l Union, United Auto., Aerospace and Agric. Implement Workers, 783 F.2d 616, 620 (6th Cir.1986). The exclusivity provision in Sec. 403 of Title IV bars a private action when an individual union member challenges the validity of an election that has already been completed. Crowley, 467 U.S. at 541.
 
 
 8
 It is undisputed that the defendants sought to challenge the propriety of the last SLU election by filing a complaint with the Secretary of Labor. However, the record indicates that no action has yet been taken by the Secretary of Labor to challenge the most recent SLU election or to invalidate the authority of the elected representatives. Thus, the district court properly relied on the language in the correlative regulation to conclude that the elections were valid because no "final decision" had been rendered by either the Secretary or by a reviewing court invalidating the procedures. See 29 C.F.R. Sec. 452.136(c). This same regulation directs that, until any such final decision is rendered, "the affairs of the labor organization shall be conducted by the elected officers or in such other manner as the union constitution and by-laws provide." The defendants never sought judicial review of the Secretary's decision not to file suit. Moreover, the defendants failed to seize the opportunity to do so by filing a cross-claim against the Secretary before he was dismissed as a party to this suit.
 
 
 9
 The defendants do not take issue with the plaintiffs' proposed disbursement of funds to the union's pension fund, and the defendants have even conceded that "they have no objection to the disbursal of funds as proposed by the plaintiffs." Therefore, the issue of whether the plaintiffs' proposed plan to disburse the union's remaining assets would be a breach of their fiduciary duty under Sec. 501 of the LMRDA need not be considered by this court on appeal.
 
 
 10
 Accordingly, the district court's order granting the plaintiffs' motion for summary judgment is affirmed.
 
 
 
 *
 The Honorable George C. Smith, United States District Judge for the Southern District of Ohio, sitting by designation