**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD CHUDACOFF, M.D., | No. 11-16232 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01679-RCJ-RJJ |
| v. | |
| UNIVERSITY MEDICAL CENTER; STEVE SISOLAK; TOM COLLINS; LARRY BROWN; LAWRENCE WEEKLY; CHRIS GIUNCHIGLIANI; SUSAN BRAGER; RORY REID; MEDICAL AND DENTAL STAFF OF THE UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA; KATHLEEN SILVER; JOHN ELLERTON, M.D.; FREDERICK LIPPMANN; JIM CHRISTENSEN; CHARLES BLOOM; MARIETTA NELSON; J. DYLAN CURRY; KSHAMA DAPHTARY; BOARD OF TRUSTEES OF UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA; JOHN ONYEMA; BEVERLY NEYLAND; ALBERT CAPANNA; VICTOR GRIGORIEV; LAURA BILODEAU; MICHAEL CASEY; STEVEN BECKER, | MEMORANDUM[*] |
| Defendants - Appellees. | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted January 18, 2013
San Francisco, California

Before: WALLACE, FARRIS, and BYBEE, Circuit Judges.

Richard Chudacoff appeals from the district court's judgment of dismissal

and summary judgement on his due process claims[1] against the University Medical

---

[1] Chudacoff's notice of appeal only mentioned the district court's denial of his motion for reconsideration, not the district court's order dismissing his due process claims. Although the Federal Rules of Appellate Procedure require that a notice of appeal "designate the judgment, order, or part thereof being appealed," Fed. R. App. P. 3(c)(1)(B), we have held that "[w]hen . . . a party seeks to argue the merits of an order that does not appear on the face of the notice of appeal, we generally consider two factors: (1) whether the intent to appeal a specific judgment can be fairly inferred and (2) whether the appellee was prejudiced by the mistake," *Lolli v. Cnty. of Orange*, 351 F.3d 410, 414 (9th Cir. 2003) (internal quotation marks and alteration omitted). Where "a party appeals after its motion for reconsideration was denied," we have "frequently" inferred intent to appeal the underlying dispositive order. *Id.* We have made such an inference, and also found a lack of prejudice to appellees, where the appellant offers a "full discussion of the [underlying dispositive] order in his opening appellate brief" and the appellees provide a "detailed response" that "dispose[s] of any claims that [the appellees] were misled or harmed." *Id.* at 414–15. This describes our situation here, so we review the district court order dismissing Chudacoff's due process claims, not only the denial of the motion for reconsideration. In light of our disposition with regard to the order dismissing the claims, Chucadoff's challenge to the denial of the motion for reconsideration is moot.

Center of Southern Nevada ("UMC"), UMC Chief Executive Officer Kathleen Silver, the UMC Board of Trustees ("Board"), the UMC Medical and Dental Staff ("Medical Staff"), and various individual doctors.[2] The claims against UMC, Silver, the Board, and the Medical Staff were dismissed by the district court based on claim preclusion. The district court dismissed the claims against the individual doctors based on issue preclusion. We have jurisdiction under 28 U.S.C. § 1291. We review dismissals based on both claim preclusion and issue preclusion de novo. *San Remo Hotel L.P. v. San Francisco City & Cnty.*, 364 F.3d 1088, 1094 (9th Cir. 2004); *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). We reverse all of the appealed dismissals, except as noted,[3] and remand for further proceedings.

I

---

[2] The district court also dismissed Chudacoff's due process claims against the UMC Medical Executive Committee, but Chudacoff does not cogently appeal this dismissal, so we do not consider it.

[3] At oral argument, we were advised that J. Dylan Curry and Chudacoff had agreed that Curry could be dismissed from this appeal with prejudice as to any and all claims asserted against Curry as an individual or in his capacity as a member of the Medical Staff. Chudacoff's due process claims are thus DISMISSED to the extent they are against Curry individually or in his capacity as a member of the Medical Staff.

3

Where, as here, federal-court jurisdiction is based on the presence of a federal question, federal preclusion doctrine applies. *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008); *see also Heiser v. Woodruff*, 327 U.S. 726, 733 (1946). The district court erred in concluding that Nevada preclusion law was not materially different from federal preclusion law and then proceeding to apply Nevada law that, at least as applied by the district court, does differ from federal law.

II

Under federal law, there must be an "identity of claims" for a claim to be barred by claim preclusion. *W. Radio Servs.*, 123 F.3d at 1192. The most important factor in determining whether there is an identity of claims is whether the two actions "arise out of the same transactional nucleus of facts." *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1398 (9th Cir. 1992) (quoting *C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987)). Here, Chudacoff's claims in the action currently before this court ("*Chudacoff II*") arise out of events that are almost wholly separate from the events from which his claims in his first action ("*Chudacoff I*") arose. The fact that some of the events from which the claims in *Chudacoff II* arise occurred prior to entry of judgment in *Chudacoff I* does not dictate dismissal based on claim preclusion. *Lawlor v. National Screen Service Corp.*, 349 U.S. 322 (1955), is not to the contrary. In that

4

case, though the Court held that claims arising prior to the entry of a prior judgment were barred, there were no claims arising from events that occurred between the filing of the first complaint and the entry of the first judgment. *Id.* at 327–28. Here, by contrast, most of Chudacoff's claims in *Chudacoff II* arise from events that occurred after he filed his complaint in *Chudacoff I*. Chudacoff was not obliged to amend the complaint in *Chudacoff I* to include claims arising from distinct events that occurred between the filing of that complaint and judgment in that action. *See* 18 Charles Alan Wright et al., Federal Practice and Procedure § 4409 (2d ed. 2012) ("Most cases rule that an action need include only the portions of the claim due at the time of commencing that action, frequently observing that the opportunity to file a supplemental complaint is not an obligation."). The district court erred in dismissing Chudacoff's claims against UMC, Silver, the Board, and the Medical Staff based on claim preclusion.

III

Under federal law, the district court may have come to the right conclusion at the time it rendered its decision dismissing the due process claims brought against the individual doctors based on issue preclusion. Where the relevant part of a decision underlying a ruling based on issue preclusion is reversed, however, the ruling based on issue preclusion cannot stand. *See Ornellas v. Oakley*, 618

5

F.2d 1351, 1356 (9th Cir. 1980); *see also* 18 Charles Alan Wright et al., Federal Practice & Procedure § 4433 (2d ed. 2012) ("[A] second judgment based upon the preclusive effects of the first judgment should not stand if the first judgment is reversed.").

The issue that the district court here determined that it was precluded from considering was whether the individual doctors were acting under color of state law. But we reversed the district court's decision in *Chudacoff I* that there was no genuine issue of material fact as to whether the individual doctors in that action were acting under color of state law. *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149–51 (9th Cir. 2011). After our partial reversal in *Chudacoff I*, there is no decision that has not been reversed regarding whether any individual doctor acting in connection with Chudacoff's proceedings was acting under the color of state law. The district court erred in dismissing the due process claims against all individual doctors remaining in this action.

We thus reverse the district court's summary judgment in favor of UMC, Silver, the Board, the Medical Staff, and all individual doctors remaining in this action.

REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.

6