**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DESERT SUN ENTERPRISES LIMITED, DBA Convention Technical Services,<br><br>              Plaintiff-Appellant,<br><br>  v.<br><br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION 357,<br><br>              Defendant-Appellee. | No.   18-16244<br><br>D.C. No.<br>2:13-cv-01885-RFB-NJK<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted July 15, 2020[**]
San Francisco, California

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: IKUTA and HURWITZ, Circuit Judges, and TAGLE,*** District Judge.

Convention Technical Services (CTS) appeals the district court's grant of summary judgment on its claim that International Brotherhood of Electrical Workers, Local 357 (IBEW 357) committed unfair labor practices. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly dismissed CTS's secondary boycott claim under 29 U.S.C. § 158(b)(4)(ii)(B) because CTS failed to raise a genuine issue of material fact that IBEW 357 threatened to picket either the Las Vegas Convention and Visitors Authority (LVCVA) or Fern Exposition Services, LLC (Fern).[1] IBEW 357's strike sanction request letter could not reasonably be understood as a threat to engage in secondary picketing against LVCVA because it stated that IBEW 357 was requesting a strike sanction only against CTS and did not mention LVCVA except to note that copies of the letter would be sent to LVCVA board members. *See United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Can., Local 32 v. NLRB*, 912 F.2d 1108, 1110–11 (9th

---

*** The Honorable Hilda G. Tagle, United States District Judge for the Southern District of Texas, sitting by designation.

[1] IBEW 357 is not collaterally estopped from taking the position that it did not violate § 158(b)(4) because a reversed or dismissed NLRB ruling generally "cannot serve as the basis for a disposition on the ground of res judicata or collateral estoppel." *Ornellas v. Oakley*, 618 F.2d 1351, 1356 (9th Cir. 1980).

2

Cir. 1990). IBEW 357 made no communication at all to Fern. Because we resolve the secondary boycott claim on this ground, we need not address CTS's argument that IBEW 357 intended to force LVCVA or Fern to cease doing business with CTS and therefore had the requisite intent required for a violation of § 158(b)(4)(ii)(B).

CTS also failed to raise a genuine issue of material fact that IBEW 357 intended to force CTS to assign the electrical work at the ABC Kids Expo to IBEW 357 employees, in violation of § 158(b)(4)(ii)(D). Even viewing the evidence in the light most favorable to CTS, nothing in the record – including Al Davis's deposition testimony – plausibly supports CTS's claim that IBEW 357 was engaging in anything other than legitimate area standards picketing.[2]

**AFFIRMED**.

---

[2] We grant both motions to take judicial notice. *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). We deny IBEW 357's motion to strike.