556 F.2d 939
 95 L.R.R.M. (BNA) 2875, 81 Lab.Cas. P 13,304
 Wendell B. PHILLIPS, III, and George C. Lorentzen,
Plaintiffs-Appellants,
v.
INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND
ORNAMENTAL IRON WORKERS, LOCAL 118, Charles
Weaver, et al., Defendants-Appellees.
 No. 76-1388.
 United States Court of Appeals,
Ninth Circuit.
 June 13, 1977.
Rehearing Denied July 1, 1977.
 
 Daniel H. Sandberg, argued, Sacromento, Cal., for plaintiffs-appellants.
 Michael B. Roger, argued, Van Bourg, Allen Weinberg & Roger, San Francisco, Cal., for defendants-appellees.
 On Appeal from the United States District Court for the Eastern District of California.
 Before MERRILL, WRIGHT and ANDERSON, Circuit Judges.
 OPINION
 MERRILL, Circuit Judge:
 
 
 1
 Appellants have taken this appeal from dismissal of their action for failure of the complaint to state a claim upon which relief could be granted. The complaint (the allegations of which we here take to be true) is hardly a model of clarity. Apparently, appellants in Nevada became involved in disputes with the appellees a local union of which they are members, and officials of that union. Appellants then filed complaints with the National Labor Relations Board, charging the union with unfair labor practices, and also brought suits against the union in Nevada. Appellees responded by bringing actions against appellants in California in state court in Sacramento, and in federal court in the Eastern District of California. Those actions have since been dismissed or transferred.
 
 
 2
 Appellants allege that the actions brought against them in California were wholly without merit; that the courts did not have personal jurisdiction over appellants; that the actions were brought to cause appellants to expend their financial resources in defense and thus make it difficult for them to pursue their Nevada actions; and that the actions were brought "to punish and reprimand plaintiffs for daring to bring action in the courts of the United States and the State of Nevada against these defendants," and "to make examples of these plaintiffs to other members of Local 118."
 
 
 3
 Appellants assert federal rights under Civil Rights Acts, 42 U.S.C. §§ 1983, 1985(2) and 1986, and the Labor-Management Reporting and Disclosure Act, 29 U.S.C. §§ 411(a)(4), 411(a)(5) and 412.
 
 Civil Rights
 
 4
 We agree with the district court that a federal claim has not been stated for civil rights violations. Section 1983 does not provide relief, since it was not alleged that the deprivation of rights in question was under color of state law. Cohen v. Norris, 300 F.2d 24, 30 (9th Cir. 1962). The fact that in the deprivation resort was had to the courts of the state does not supply the necessary state action. See Hill v. McClellan, 490 F.2d 859, 860 (5th Cir. 1974), Skolnick v. Martin, 317 F.2d 855, 857 (7th Cir.), cert. denied, 375 U.S. 908, 84 S.Ct. 199, 11 L.Ed.2d 146 (1963).
 
 
 5
 Plaintiffs' amended complaint also alleges a cause of action "by reason of Defendants having conspired for the purposes of impeding, hindering, obstructing and defeating the due course of justice in the courts of the State of Nevada." We presume that plaintiffs are attempting to state a claim under the second part of § 1985(2). A cognizable claim under this statute requires an allegation of a class-based, invidiously discriminatory animus. Smith v. Yellow Freight System, Inc., 536 F.2d 1320, 1323 (10th Cir. 1976); Brawer v. Horowitz, 535 F.2d 830, 837-41 (3d Cir. 1976); Hahn v. Sargent, 523 F.2d 461, 469 (1st Cir. 1975), cert. denied, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). Plaintiffs have not made such an allegation, and therefore have failed to state a claim under § 1985(2).[1] Since plaintiffs do not state a claim under § 1985(2), they cannot state one under § 1986. E. g., Hahn v. Sargent, supra, at 470.
 
 
 6
 Labor-Management Reporting and Disclosure Act
 
 
 7
 Plaintiffs also assert federal rights under 29 U.S.C. § 411 which is characterized as a "bill of rights" for the members of local organizations.[2]
 
 A. Section 411(a)(5) provides:
 
 8
 "No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." (emphasis supplied).
 
 
 9
 The question here is whether malicious prosecution of a civil suit by a labor organization or its officers acting in their official capacity against a member constitutes "discipline" within the meaning of § 411(a)(5). We note that that section does not prohibit union discipline, but rather seeks to provide "safeguards against improper disciplinary action." This suggests that "discipline" refers to punishment or adverse consequences that a union, operating through its own tribunal, can impose either by virtue of its own authority over its members or by virtue of its relationship with or influence over the actions of the employer or potential employers of its members.[3]
 
 
 10
 In Morrissey v. National Maritime Union, 544 F.2d 19, 25 (2d Cir. 1976), a union member was "summarily arrested, taken from the Union Hall to the precinct, and booked on charges of criminal trespass and disorderly conduct." The court concluded that "Congress could not have been thinking of a case like this where the union chooses to invoke the processes of law and the arrested union member will have his full range of procedural protections in the courts." 544 F.2d at 26.
 
 
 11
 So, here, the rights and guarantees granted by this subsection will be afforded the union member by the court in which he is sued. Judicial process will assure him that before judgment is rendered he will have notice of the specific charges on which the suit is based, time to prepare a defense and a full and fair hearing, and, if the judicial process was invoked improperly against the union member, he will have the full range of remedies provided by law.
 
 
 12
 We conclude that malicious prosecution is not "discipline" within the meaning of § 411(a)(5) and thus cannot constitute a violation of that subsection.
 
 B. Section 411(a)(4) provides, in part:
 
 13
 "No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding * * *."
 
 
 14
 The question presented is whether the bringing of the malicious civil actions against appellants in California can be said to have limited the right of appellants to institute or to continue their actions in Nevada.
 
 
 15
 In Operating Engineers Local Union No. 3 v. Burroughs, 417 F.2d 370 (9th Cir. 1969), a union member sought to enjoin his union from fining him for having brought suit against the union without having first exhausted the union's internal hearing procedures. We held that disciplining a member for having brought suit constituted a violation of § 411(a)(4). Accord, Ross v. Int'l Brotherhood of Electrical Workers, 544 F.2d 1022, 1024-25 (9th Cir. 1976).
 
 
 16
 It is thus established that the taking of retaliatory action against the member for having brought suit can operate to limit the right of that member to institute suit under this subsection. The fact that in Burroughs the union retaliation was by union discipline for violation of a formal union rule, while here it was by way of malicious court actions, does not affect the result.[4] If a union member's right to sue is to have any meaning, courts must be ever vigilant in protecting that right against indirect and subtle devices as well as against direct and obvious limitations.
 
 
 17
 Since we must here accept as true the allegations of the complaint, we accept as fact that the union actions were malicious, without jurisdiction or merit, and were brought to serve as reprimands and as examples to other union members, and to render it financially difficult for appellants to continue to prosecute their Nevada actions. In our judgment a claim under § 411(a)(4) was stated.
 
 
 18
 Reversed and remanded for further proceedings.
 
 
 
 [1]
 We assume arguendo that an action under § 1985(2) does not require an allegation that defendants acted under color of state law. Compare Griffin v. Breckenridge, 403 U.S. 88, 96-102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), with Sykes v. California, 497 F.2d 197, 200 (9th Cir. 1974)
 
 
 [2]
 A right to sue for violations of 29 U.S.C. § 411 is provided by 29 U.S.C. § 412, which provides, in part:
 "Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in the district court of the United States for such relief (including injunctions) as may be appropriate."
 
 
 [3]
 Courts have considered a union member to have been "otherwise disciplined" when union actions have been taken adversely affecting membership status, e. g., Seeley v. Brotherhood of Painters, 308 F.2d 52, 58-59 (5th Cir. 1962), or employment rights, e. g., Detroy v. Am. Guild of Variety Artists, 286 F.2d 75, 81 (2d Cir.), cert. denied, 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388 (1961). See generally Etelson & Smith, Union Discipline Under the Landrum-Griffin Act, 82 Harv.L.Rev. 727, 729-41 (1969); Beaird & Player, Union Discipline of Its Membership Under Section 101(a)(5) of Landrum-Griffin: What is "Discipline" and How Much Process is Due?, 9 Ga.L.Rev. 383, 391-400 (1975)
 
 
 [4]
 Section 411(a)(4) protects "against reprisals as well as against more formal limits" on the right to sue. Int'l Brotherhood of Electrical Workers, Local 1186 v. Eli, 307 F.Supp. 495, 500 (D.Haw.1969). See also Local No. 1 (ACA), Broadcast Employees v. Int'l Brotherhood of Teamsters, 419 F.Supp. 263, 272-74 (E.D.Pa.1976)