Lawrence MOORE, Plaintiff–Appellant,

and

Walter F. Whelan; Walter F.
Woblan, Jr., Plaintiffs,

v.

LOCAL 569 OF the INTERNATIONAL
BROTHERHOOD OF ELECTRICAL
WORKERS; Paul Blackwood; Wayne
Lovin; Jim Westfall; Tom Pridemore;
Joe Heisler; Dick Smith; Terry God-
shalk, et al.; International Brotherhood
of Electrical Workers; J.J. Barry; S.R.
McCann; Richard Robbins; San Diego
Electrical Industry Training Trust, De-
fendants,

and

Atkinson Mechanical; Fischbach
& Moore, Inc., Defendants–
Appellees.

No. 93–56717.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 1995.

Decided May 5, 1995.

Lawrence Moore, San Diego, CA, in pro. per.

Steven C. Sayler, Norman Allenby (argued), Hillyer & Irwin, San Diego, CA, for defendants-appellees.

Lewis Levy, Levy, Goldman & Levy, Los Angeles, CA, for Internat'l Brotherhood Elec. Workers Local 569.

Before: McKAY,* REINHARDT, and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

Lawrence Moore brought this action against Fischbach & Moore, Inc. (Fischbach) among others. After his action failed as to Fischbach, the district court upheld an attorneys' fee award which was imposed upon Moore pursuant to an arbitration procedure. Moore then appealed. He raises a whole host of issues, but we find one dispositive— did the arbitration agreement's attorneys' fee provision apply to Moore? The answer to that question is no. We, therefore, do not decide the other issues regarding that award of fees. However, we do consider Moore's additional claim that he should not have been sanctioned for a late filed motion. We reverse in part and vacate and remand in part.

## BACKGROUND

Moore was a member of Local 569 of the International Brotherhood of Electrical Workers and an employee of Fischbach. It and Local 569 were signatories to a collective bargaining agreement which had a lengthy title but which we will simply call the "Inside Agreement." At the time this dispute arose the October 1, 1986 version of the Inside Agreement was in effect, but before the case went to trial, the August 23, 1988 version was adopted.

Moore was of the opinion that Fischbach and Local 569 had cooperated in a manner that allowed Fischbach to evade the terms of the 1986 version of the Inside Agreement. He therefore brought this action. Local 569 then filed a formal grievance against Fischbach based upon the substance of Moore's complaints. That process was initiated after the 1988 version of the Inside Agreement was in effect, and reached a conclusion while this action was in progress. Fischbach prevailed.

Moore, however, continued with this action because he still believed that Fischbach had violated the Inside Agreement and because he also believed that Local 569 had violated its duty of fair representation to him. Fischbach again prevailed.

After winning, Fischbach made a motion for an award of the attorneys' fees under the 1988 version of the Inside Agreement. Upon holding that the agreement was legal and applicable to Moore, the district court referred the issue to arbitration for a determination as to the reasonableness of the amount. Our review of the record reveals that the arbitration committee considered only the reasonableness of the fees. The arbitration resulted in an award of $244,104.01 of attorneys' fees against Moore. Upon petition by Fischbach, the district court confirmed the award and entered judgment accordingly. Moore appealed.

## STANDARD OF REVIEW

The scope of an arbitration clause is reviewed de novo. *See Dennis L. Christensen Gen. Bldg. Contractor, Inc. v. General Bldg. Contractor, Inc.,* 952 F.2d 1073, 1076

---

* Hon. Monroe G. McKay, Senior United States Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation.

(9th Cir.1991). Of course, we must determine whether the arbitration provision itself is legal. *See Graham Oil Co. v. ARCO Prods. Co.*, 43 F.3d 1244, 1247–48 (9th Cir. 1994). We review that issue de novo also. *See Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1139 (9th Cir.1991); *Paulson v. Dean Witter Reynolds, Inc.*, 905 F.2d 1251, 1254 (9th Cir.1990). We review a district court's imposition of sanctions pursuant to Federal Rule of Civil Procedure 11 for abuse of discretion. *See Roundtree v. United States*, 40 F.3d 1036, 1038 (9th Cir.1994).

## DISCUSSION

### A. *Legality of the Fee Shifting Provision.*

■ Long after the dispute over Fischbach's practices arose between it and Moore, and after Moore had commenced this litigation, the 1988 version of the Inside Agreement was adopted. The following provisions were made a part of that agreement:

> Should any party hereto *or any employee employed subject to the provisions of this Section and Agreement,* engage in or initiate any legal proceedings attacking, challenging or seeking to set aside either as a whole or in part the final decision of an arbitration, appeals or appellate body established pursuant to this Agreement, or who cause any action to be brought before any court or administrative body in contravention of this Section, who is unsuccessful in such endeavor, shall pay the reasonable costs and attorney fees of the party prevailing in such action or litigation. The amount of the costs and attorneys fees to be paid by the person engaging in legal or administrative proceedings seeking to set aside the decision of a dispute resolution body as set forth hereinabove, or otherwise litigating any of the provisions of this Agreement, shall be determined by the Labor–Management, CIR or Appeals Committee established under the provisions of this Agreement, whichever is applicable.

Inside Agreement, 1988 version, § 1.06A–2 (emphasis added).

After holding that the fee-shifting provision was legal and applicable to Moore, the district court referred Moore's case to the Appeals Committee for a determination as to the amount of fees to be awarded. The Committee awarded $224,140.01 in fees, and the district court ultimately confirmed that award. Moore asserts that the district court erred when it decided that the provision could legally be applied to him. We agree.

The fee provision violates the rights guaranteed to members of labor organizations by 29 U.S.C. § 411(a)(4), which provides:

> No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding....

That employee bill of rights protection is worded in the most inclusive terms, which are clearly intended to preclude restraints upon members' rights to seek relief from courts and agencies.

We have not been receptive to attempts to restrict the reach of § 411(a)(4). For example, when a union argued for various restrictive interpretations we said:

> Section 411(a)(4) speaks of—"an action in any court." The word "action" is in no way limited and there is nothing in the Act which distinguishes between suits involving member as opposed to employee rights, between suits involving internal as opposed to external union problems, or between suits brought in good faith as opposed to those brought in bad faith.

*Operating Eng'rs Local Union No. 3 v. Burroughs*, 417 F.2d 370, 373 (9th Cir.1969), *cert. denied*, 397 U.S. 916, 90 S.Ct. 921, 25 L.Ed.2d 97 (1970). We went on to declare that the right to sue would be less than fully protected if a member had to predict how some "union official or judge" would view his action. *Id.* The effect in the particular case was not great (a suspended fine), but we still refused to countenance it. We would not "read any limitations into § 411(a)(4)." *Id.* at 374.

Similarly, in *Ross v. International Bhd. of Elec. Workers*, 544 F.2d 1022 (9th Cir.1976),

we refused to limit § 411(a)(4) where a union member sued over an election dispute. We were not at all impressed with arguments that he was a union officer, that his was an election dispute, and that his court actions had been dismissed. *Id.* at 1023–25. Nor were we convinced by the argument that the relatively small amounts awarded against him (and partially suspended) could be called assessments, rather than fines. As we said, "since the levy, no matter how labeled, serves to 'limit the right' of a member to sue, we find the distinction to be without significance." *Id.* at 1025.

We were no more persuaded that § 411(a)(4) should not be applied where a union, which was sued by its members, sought to retaliate by filing an allegedly specious lawsuit against them. In *Phillips v. International Ass'n of Bridge Workers, Local 118,* 556 F.2d 939, 942 (9th Cir.1977), we said:

> If a union member's right to sue is to have any meaning, courts must be ever vigilant in protecting that right against indirect and subtle devices as well as against direct and obvious limitations.
>
> Since we must here accept as true the allegations of the complaint, we accept as fact that the union actions were malicious, without jurisdiction or merit, and were brought to serve as reprimands and as examples to other union members, and to render it financially difficult for appellants to continue to prosecute their Nevada actions. In our judgment a claim under § 411(a)(4) was stated.

*Id.* In other words, we must be vigilant in assuring that union members' rights are not ground down and we would not do so were we to permit § 411(a)(4) to be watered down. But the attorneys' fee provision we deal with here has just that effect. If the union members in *Burroughs* and *Ross* risked imposition of some relatively small assessments, union members under this collective bargaining agreement would have to risk enormous fee awards. Moore has been told that he must pay more than $200,000 for *his* temerity.

Fischbach, however, argues that § 411(a)(4) is basically concerned with the relationship of members with their unions. We have, indeed, said that the Labor–Management Reporting and Disclosure Act, of which § 411(a)(4) is a part, "protects only basic union membership rights." *Building Material & Dump Truck Drivers, Local 420 v. Traweek,* 867 F.2d 500, 510 (9th Cir.1989). However, there we were concerned with whether trivial violations could be considered violations of § 411. *Id.* We answered that question "no." That is not what we deal with here. The argument loses all of its puissance once one focuses on the statute itself and contemplates the effects of the provision at hand. Section 411(a)(4) is not limited to lawsuits between unions and their members. To the contrary, it strikes down limitations "irrespective of whether ... the labor organization" or an officer is a named defendant. Clearly, Congress foresaw the possibility that a union would try to limit a member's right to sue someone else. A very likely someone else would be an employer who has a collective bargaining agreement with the union, in a word, an employer like Fischbach. After all, one of Congress' purposes in adopting the LMRDA was to insure that "labor organizations, *employers,* and their officials adhere to the highest standards of responsibility and ethical conduct in administering the affairs of their organizations, *particularly as they affect labor-management relations.*" 29 U.S.C. § 401(a) (emphasis added).

Furthermore, while the union has not sought to limit the employee's rights directly, it has surely done so indirectly. When it agreed to a fee provision that would serve to chill employees' rights to contest the results of grievance procedures in court, it undermined its members' ability to challenge the results of its own actions. It did that just as surely as it would have done if it had directly provided for the imposition of fines or assessments. At argument Local 569 essentially conceded that the union could not collect attorneys' fees from a member under the fee provision. We see no reason to allow the mulct to be channelled to the employer's hands instead. In either event, the employee will be restrained from attacking the actions of the union and the employer. If a member-employee seeks to attack his employer's

breach of a collective bargaining agreement, it cannot be gainsaid that he must also attack his union's representation of his interests. *See Salinas v. Milne Truck Lines, Inc.*, 846 F.2d 568, 569–70 (9th Cir.1988). To restrain or limit him on one flank restrains or limits him on the other.

Nor can we accept the argument that the provision is no limitation at all. We are told that the employee can sue all he wants, he just had better be successful. If he is not, he must pay out a great sum of money. Interestingly enough, the contract provision is not reciprocal—should the employee win his point, he is not to be reimbursed for his attorneys' fees.

Despite suspicions that appellate judges do not understand the real world, we do understand that the threat of attorneys' fees can be a real deterrent to the assertion of rights. They can be thought of as a kind of penalty. *See Summit Valley Indus., Inc. v. Local 112, United Bhd. of Carpenters*, 456 U.S. 717, 724, 102 S.Ct. 2112, 2116, 72 L.Ed.2d 511 (1982). They can even become oppressive and " 'disproportionate to the magnitude and importance of the causes in which they are taxed....' " *Alyeska Pipeline Service Co. v. Wilderness Soc'y*, 421 U.S. 240, 252 n. 24, 95 S.Ct. 1612, 1619 n. 24, 44 L.Ed.2d 141 (1975) (citation omitted). Similarly, we have recognized that the possibility of being subjected to large fee awards if they lose does undercut plaintiffs' desire and ability to pursue their causes. *See, e.g., Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1041 (9th Cir.1990), *cert. denied*, 502 U.S. 957, 112 S.Ct. 417, 116 L.Ed.2d 437 (1991); *Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir.1987). All of this can even be true if the plaintiff is pretty, or very, sure that he is correct. It would take a hearty soul with an awfully important principle at stake to run the risk of, say, a $224,000 fee award. Putting up with a little injustice might be better. Perhaps Moore is that hearty soul, but he did start this litigation before the fee provision even came into existence. In any event, he need not be that pertinacious. He need not hurdle an attorneys' fee barrier.

### B. *Rule 11 Sanctions.*

After Moore filed this appeal, he made a motion asking the district court to allow amendment of his complaint. The district court found that the motion was frivolous because judgment had already been entered and because the case was already on appeal, as a result of which it was deprived of jurisdiction. It therefore imposed sanctions of $512 upon Moore. *See* Fed.R.Civ.P. 11. We are unable to say that the district court abused its discretion when it reached that decision. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 402, 110 S.Ct. 2447, 2459, 110 L.Ed.2d 359 (1990); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1366–67 (9th Cir.1990) (en banc).

However, when the district court issued its final sanction order—June 23, 1993—the December 1, 1993 amendments to Rule 11 had not yet gone into effect. Before December 1 sanctions were mandatory, but from that day forward they became discretionary. A number of other changes were also made. The amendment is " 'applicable to all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings in civil cases then pending.' " *Roundtree*, 40 F.3d at 1040 (citation omitted). It is generally a sound approach to afford the district court " 'an opportunity to exercise its discretion whether to impose sanctions under the amended version.' " *Id.* (citation omitted). We will follow that approach here, which seems particularly appropriate in light of Moore's success in this appeal, which serves to vindicate his position in the district court, at least to some extent. Therefore, while we affirm the district court's decision that sanctions were appropriate, we vacate the award against Moore and remand to the district court so that it can exercise its discretion under the amended version of Rule 11 as to the imposition, nature, and amount of sanctions, if any.[1]

### CONCLUSION

After Moore commenced this action, the arbitration provisions of the collective bargaining agreement were amended to impose

---

1. Fischbach's request for attorneys' fees on appeal is denied because it has not prevailed.

attorneys' fee shifting upon any member who brought an action to set aside the arbitral results. However, we hold that neither Fischbach nor Local 569 could hide behind an attorneys' fee revetment when Moore sought to attack their actions. In other words, section 106 of the 1988 version of the Inside Agreement improperly restricts a union member's right to sue. Because the fee-shifting provision violates § 411 of the LMRDA, we reverse the district court's determination that the provision could legally be applied to Moore and vacate the award.

We also vacate the award of Rule 11 sanctions and remand for reconsideration under the amended Rule 11 provisions.

REVERSED in part, VACATED in part and REMANDED.