139 F.3d 906
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence MOORE, Plaintiff-Appellant,
v.
LOCAL 569 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS; International Brotherhood of Electrical Workers;
J.J. Barry; S.R. McCann; Richard Robbins; Paul Blackwood;
Wayne Lovin; Jim Westfall; Tom Pridemore; Joe Heisler;
Dick Smith; Terry Godshalk; Keith Widdop; George England;
Kris Hartnett; Don Withem; Steve Workman; Mike Reilly;
John Simpson; Ray Altmeyer; Richard White; Jim Brandon;
Chancy Tyler; George Scott; Bud Hahn; Sharon Hahn; Tom
Boulter; Bob Riel; Jim Aylsworth; Charles Wilder; Mike
Degener; Chet Holm; John Manion; Wally Gauntt; Gary
Degener; Ron Whitaker; Atkinson Mechanical Contractors,
Inc., Defendants,
and
FISCHBACH & MOORE, INC., Defendant-Appellee.
 No. 96-55629.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**
Feb. 13, 1998.
 
 Appeal from the United States District Court for the Southern District of California Rudi M. Brewster, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lawrence Moore appeals pro se a district court order imposing sanctions of $512 pursuant to Fed.R.Civ.P. 11 for filing a frivolous motion. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, see Buster v. Greisen, 104 F.3d 1186, 1189 (9th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 441, 139 L.Ed.2d 378 (1997), and we affirm.
 
 
 3
 While an earlier appeal in this case was pending, Moore filed a motion with the district court for permission to amend his complaint. The district court found that the motion was frivolous and imposed sanctions of $512 pursuant to Fed.R.Civ.P. 11.
 
 
 4
 On appeal, we concluded that the district court did not abuse its discretion by imposing sanctions. See Moore v. Local 569 of the Int'l Bhd. of Elec. Workers, 53 F.3d 1054, 1058 (9th Cir.1995). However, we noted that the sanctions award had been made pursuant to a version of Rule 11 which, when the district court imposed sanctions, made sanctions mandatory. See id. We vacated the award of sanctions and remanded to give the district court the opportunity to exercise its discretion under the present version of Rule 11, which makes an award of sanctions discretionary. See id.
 
 
 5
 On remand, the district court imposed the same sanction of $512. As before, we are unable to conclude that the district court abused its discretion in making this award. See id.
 
 
 6
 Moore also contends that the district judge erred by failing to recuse himself pursuant to 28 U.S.C. § 455. We disagree. A denial of a motion for recusal is reviewed for an abuse of discretion. See Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir.1984). Our review of the record reveals no basis for questioning the district judge's impartiality. See Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3