**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHELE FOTINOS, on behalf of herself and as Guardian ad Litem for her minor children, A.F. and RACHEL FOTINOS, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> JOHN FOTINOS; et al., <br><br> Defendants - Appellees. | No. 14-15475 <br><br> D.C. No. 4:12-cv-00953-CW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Senior District Judge, Presiding

Submitted March 14, 2016[**]
San Francisco, California

Before: BYBEE and N.R. SMITH, Circuit Judges, and KORMAN,[***] Senior
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Michele Fotinos (on behalf of herself and her minor child A.F.) and her daughter Rachel Fotinos[1] (collectively "Appellants"), appeal the district court's order dismissing Appellants' Second Amended Complaint ("SAC"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

1.      The district court correctly dismissed Appellants' federal claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The SAC contains four federal claims: (1) conspiracy to obstruct justice in state court under 42 U.S.C. § 1985(2); (2) denial of access to the courts and free speech under 42 U.S.C. § 1983; (3) denial of equal protection and of due process under the Fourteenth Amendment; and (4) constitutional claims under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Appellants failed to state a claim under § 1985(2). "A cognizable claim under [§ 1985(2)] requires an allegation of class-based, invidiously discriminatory animus." *Phillips v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers*, 556 F.2d 939, 941 (9th Cir. 1977). Victims of domestic violence are not recognized as a protected class for purposes of § 1985(2). Further, Appellants

---

[1]M. Fotinos initiated this action in the district court on her own behalf and on behalf of A.F. and R. Fotinos, both of whom were minors at the time. Subsequent to the district court's order, R. Fotinos reached the age of majority and was allowed to appear as an appellant.

failed to plead facts sufficient to show that the alleged conspiracy was motivated by animus against women.

Appellants failed to state a claim under 42 U.S.C. § 1983. "As a general rule, a violation of state law does not lead to liability under § 1983." *Campbell v. Burt*, 141 F.3d 927, 930 (9th Cir. 1998). Appellants have failed to allege any violations of federal law in connection with their § 1983 cause of action.

Appellants failed to state an equal protection or due process claim under the Fourteenth Amendment. Appellants' equal protection claims failed, because they have not shown discriminatory intent or motive. *See Navarro v. Block*, 72 F.3d 712, 716 (9th Cir. 1995) ("[T]he Equal Protection Clause requires proof of discriminatory *intent* or *motive*."). Appellants' due process claims also failed, because they are based on an alleged failure to act by certain police officers and the Due Process Clause "confer[s] no affirmative right to governmental aid." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989).

Appellants failed to state a claim under *Monell*. First, they failed to sufficiently allege any constitutional injury. *See Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) ("[T]he liability of municipalities . . . is contingent on a violation of constitutional rights."). Second, Appellants failed to allege facts to support a finding that any of the Defendants acted according to "a formal governmental

policy or a 'longstanding practice or custom . . . of the local governmental entity.'" *See Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (quoting *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)).

2.     The district court did not abuse its discretion in dismissing the SAC without leave to amend. "A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (quoting *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996)). The district court had already provided Appellants with an opportunity to correct deficiencies in their claims in the First Amended Complaint, and Appellants failed to do so in the SAC, thus supporting the district court's conclusion that "further amendment would be futile."

3.     The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Appellants' state law claims. Having dismissed all claims over which it had original jurisdiction, the district court referenced 28 U.S.C. § 1367(c)(2) and properly exercised its discretion in declining supplemental jurisdiction over the remaining state law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the

pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Defendant LaFarge's Motion to Take Judicial Notice and Appellants' Motion to Take Judicial Notice are both denied as moot.

**AFFIRMED.**